Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Percy L. Klock, for appellant.
William P. Burr, for respondent.

PER CURIAM.  The defendant had notice of the motion for alimony, appeared before the referee before whom the question of fact upon the motion was heard, contested the right of the plaintiff to alimony, and appeared before the court when the final order directing the payment of alimony and counsel fees was made.  He does not deny that he had notice of that order, and knew of its contents.  Subsequent to the granting of the order, he left the state, and consequently the order was not served upon him.  He has failed to comply with the order in any respect, or to pay anything to the plaintiff on account of the alimony and counsel fees directed by that order to be paid.

We think the court below had power to strike out the answer. Quigley v. Quigley, 45 Hun, 24; Walker v. Walker, 82 N. Y. 261; Brisbane v. Brisbane, 5 Civ. Proc. R. 352.  The fact that, in consequence of the defendant's refusal to comply with the order of the court, sequestration proceedings were instituted and a receiver appointed, simply emphasizes the defendant's contempt; and that those proceedings have been ineffectual is no reason any other proceedings should not be taken against the defendant to compel him to comply with the order of the court.

The court below had no authority to strike out the appearance of the defendant.  The defendant had a right to appear in the action, so as to have notice of the subsequent proceedings.

The order should therefore be modified so as to provide that the answer interposed by the defendant be stricken out, and that the action proceed as if such answer had not been interposed, and, as so modified, affirmed, without costs to either party of this appeal.

---

HENNESSEY v. BROOKLYN CITY R. CO.

(Supreme Court, Appellate Division, Second Department.  June 9, 1896.)

IMPUTED NEGLIGENCE—PARENT AND CHILD.
    The negligence of a father will not be imputed to his infant child, about 21 months old, where the child was injured while in its mother's arms in a carriage driven by the father, as in such case the child was in the immediate custody of the mother, and not of the father.

Appeal from circuit court, Kings county.

Action by Norah Hennessey, an infant, by James Hennessey, guardian ad litem, against the Brooklyn City Railroad Company for personal injuries.  From a judgment entered on a verdict in favor of plaintiff for $1,000, and from an order denying a motion for a new trial, defendant appeals.  Affirmed.

Argued before PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Samuel D. Morris, for appellant.

James C. Church, for respondent.

CULLEN, J. The plaintiff in this action is an infant, who was about 21 months old at the time of the accident which gave rise to the suit. The accident occurred on Christmas day, 1891, and was due to a collision between a phaeton driven by the father of the plaintiff and a car of the defendant operated by steam on Third avenue, in the city of Brooklyn. The plaintiff's father, who drove the wagon, was accompanied by his wife, and at the time of the collision the plaintiff was held by the mother in her lap. It is not necessary to recite the circumstances of the collision, or to say more than that the evidence of the defendant was such that the jury might have found, as a matter of fact, that the plaintiff's father was negligent in driving the wagon, and that such negligence contributed to the accident. The judge at circuit charged the jury that such negligence on the part of the father would not defeat the right of the plaintiff to recover, provided the injury was occasioned by the negligence of the defendant. To this charge the defendant excepted, and that exception presents the only question to be determined on this appeal.

The question presented, whether the negligence of the driver of the vehicle, he being the father of the plaintiff, is to be attributed to the plaintiff, is by no means easy of solution. Whatever criticisms may have been passed by text writers upon the doctrine of imputed negligence in the case of a person non sui juris, as declared by the courts of this state, the doctrine is too well established in our jurisprudence to be now questioned. But the great difficulty is in its application to the present case. That the negligence of the father, who drove the vehicle, is not imputable to his wife, the mother of the plaintiff, and in whose arms she was being held at the time of the accident, is both clear on authority (Hoag v. Railroad Co., 111 N. Y. 199, 18 N. E. 648), and is conclusively determined by her recovery in her own action for injuries from this accident (73 Hun, 569, 26 N. Y. Supp. 321, affirmed in 147 N. Y. 721, 42 N. E. 723). The mind naturally shrinks from accepting the proposition that though the negligence of the driver is not to be attributed to the mother, yet it is to be attributed to the baby she carried in her arms. This proposition, too, if correct, must proceed wholly from the relation the child bore to the driver, for, if the driver had not been her father or custodian, she would not have been responsible for his negligence. The general rule, well settled by authority, is that, in the case of an infant non sui juris, the negligence of his custodians, whether parents, or persons to whose care the child has been intrusted, is to be imputed to the child. Hartfield v. Roper, 21 Wend. 615; Mangam v. Railroad Co., 38 N. Y. 456. But it is equally settled law that, to make this rule applicable, the infant must have done something which, in the case of an adult, would have constituted negligence. Ihl v. Railroad Co., 47 N. Y. 317; Cumming v. Railroad Co., 104 N. Y. 669, 10 N. E. 855. Now, in this case, had the plaintiff been

an adult, negligence on her part would have consisted, not in riding in the vehicle, nor in misconduct on the part of the driver, but in failing to properly take care of herself,—i. e. either a failure to call the attention of the driver to the presence of the danger, to jump out of the vehicle, or to do whatever the jury might find an ordinarily prudent person would have done under the circumstances. The difficulty in this case lies just here: whether the case be one of an infant non sui juris, or of an adult, a person riding in a vehicle driven by another necessarily puts himself, to a certain extent, under the control of the driver. If the driver will drive into danger, the only thing the person riding can do is, by remonstrance or force, to prevent the driver continuing in his course, or to alight, if he can, from the vehicle. In the present case, the control the father had of the infant was of a twofold character—First, as parent, the right to direct the management and action of the child; and, second, as driver of the vehicle, the physical power over those riding with him in the vehicle of the character already indicated. Now, assuming the father was negligent in driving the vehicle, is that to be considered as negligence in his duty as parent or custodian of the child, or is his negligence to be considered as in a subject-matter apart from parental duty and his relation to the child, or are the two so interwoven as to be incapable of separation? And if the negligence was not in parental custody or duty, is such negligence a bar to plaintiff's recovery? In Shearman & Redfield on Negligence, it is stated (section 81): "Under the 'New York rule,' therefore, the negligence of a parent or guardian, when not acting in that capacity, is not chargeable to his child, even though it tends to expose the child to injury from other persons." The authority cited to sustain this proposition by the learned authors (Lannen v. Gaslight Co., 46 Barb. 264, affirmed 44 N. Y. 459) does not proceed on this principle, though the case involved such a point. Nevertheless, I think it clear that the proposition stated must be correct. While it may be that "illustration is not argument," it is oftentimes a most convenient substitute for it, and the whole argument of the distinguished judges of the court of appeals who wrote the opinions in the case last cited is based on illustration. Suppose the mother and baby had been riding as passengers in a railroad train of which the father was the engineer, and that by the negligence of the father, as engineer, an accident had occurred to the train, and the child had been injured. In such a case could the negligence of the father be held to prevent a recovery by the child against the railroad company? Would it not be clear that the conduct of the father was in a service so far apart from that proceeding from the parental relation as to have no effect on the rights of the injured child? In this case the child, while in law subject to the paramount guardianship of the father, was in the immediate custody of the mother. Its extreme youth rendered it necessary that, except while in the house, some one must have not merely legal control, but almost actual personal possession, of the child.

Here that person was the mother, who held the child in her arms. It should, for the purposes of this action, be deemed as in her immediate custody, not as in the custody of both parents, or of the father alone. The attention or care that at the time was to be bestowed upon it, from its helpless condition, because it was an infant, and not an adult, was to proceed from the mother. The care that the father was to exercise he was to exercise whether the plaintiff was non sui juris or an adult, whether it was his child or a stranger's. The mother's negligence was, therefore, properly to be attributed to the child, but not that of the father.

The views here expressed are not in conflict with the decided cases. In Doran v. City of Troy, 22 Wkly. Dig. 230 (affirmed without opinion, 104 N. Y. 684), the plaintiff was four years old at the time of the injury, and was placed by its father, who was driving, upon the top of a one-horse spring market wagon. In driving over a rough part of the road, the child was jolted off the wagon, and fell under the wheel. The father was aware of the condition of the road. It was there held that the father was guilty of contributory negligence in failing to hold the child, or otherwise protect it, or caution it to hold fast to him, and that the father's negligence was to be imputed to the plaintiff. In that case it will be seen that the negligence of the driver was strictly in the discharge of his duty as custodian of the child. In Morrison v. Railway Co., 56 N. Y. 302, the plaintiff, a young girl, 12 years old, a passenger on defendant's train, was taken by her father under his arm, and the father then attempted to alight from the train while it was in motion. It was held that the plaintiff could not recover. It was said:

"It is certain that but for the attempt of the plaintiff's father then to get down from out of the car she would not have been injured as she was. * * * His act, which was her act, in thus attempting it, did contribute to the accident."

There is no discussion of the principle on which the negligence of the father was to be attributed to the child, she being 12 years old, but the decision must have proceeded either on the theory that the plaintiff, despite her age, was still to be treated as non sui juris, or that she assented to her father's act. If the former is the theory of the decision, then the negligence was in the relation of custodian, for, had the plaintiff been an adult, she would have got off unaided. If it was considered that the plaintiff assented to the father's act, then, of course, the case has no application to that before us.

The judgment and order denying motion for a new trial should be affirmed, with costs. All concur.