VICTOR METCALFE, an Infant, by EDWIN METCALFE, as Guardian ad Litem, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.

*Negligence — the negligence of the custodian of a child* non *sui juris* is *imputable to the child — the consent of the parent to such custody is not negligence nor the proximate cause of the injury.*

In an action against a street railway company to recover damages for personal injuries, it appeared that the plaintiff, a child of the age of four years and six months, who was *non sui juris*, was riding in an open delivery wagon behind a gentle horse in charge of two young men, one fifteen and the other twenty-two years of age, when he was thrown from the wagon by reason of its colliding with defendant's street railway car.

*Held,* that it was proper to refuse to submit to the jury the question as to whether plaintiff's mother, in consenting to his riding in the wagon, was guilty of negligence, as such consent would not constitute negligence. Nor would such consent, if given, be the proximate cause of the accident;

That the negligence of the driver of the wagon was imputable to the child.

The rule that the negligence of the driver under similar conditions would not be imputable to an adult, considered.

APPEAL by the defendant, the Rochester Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 23d day of May, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Monroe, and also from an order entered in said clerk's office on the 23d day of March, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Charles J. Bissell,* for the appellant.

*Walter S. Hubbell,* for the respondent.

FOLLETT, J.:

This action was begun October 18, 1895, to recover damages for a personal injury caused, it is alleged, by the negligence of the defendant, a street railroad in the city of Rochester:

About six o'clock in the afternoon of October 1, 1895, at the corner of Plymouth avenue and Edith street, one of defendant's cars and a delivery wagon, in which the plaintiff and two young men were riding, collided and the plaintiff was thrown partly under the car, which ran over and so injured his right arm that it was necessarily amputated at the shoulder. At the time of the accident the plaintiff was four years and six months old, and was, as is conceded, *non sui juris.* The young men with whom the plaintiff was riding were brothers, Charles Schoenthaler, aged twenty-two years, and George Schoenthaler, aged fifteen years. They and the plaintiff were riding in a delivery wagon drawn by one horse. Charles sat on the right end of the wagon seat and drove the horse; George sat next to him, and the plaintiff sat on the left end of the seat, which had neither back nor sides.

By an ordinance of the city of Rochester the speed of defendant's cars on this avenue was limited to fifteen miles an hour. The plaintiff alleges that this car was propelled at a much greater rate of speed; that the brake and machinery annexed were out of repair; that the motorman neglected to observe the approach of the wagon and to sound his gong, and was negligent in not stopping the car in time to avoid the collision.

The defendant interposed two defenses: (1) It denied that it was

negligent. This issue was found against the defendant by the jury, and the finding is not challenged on this appeal. (2) That the mother of the plaintiff was negligent in permitting her child to ride with these young men in the manner described; that they were negligent in the care of the child; that they were negligent in driving the horse in front of the car; that the negligence of the three contributed to the accident, and that their negligence is imputable to the plaintiff. Upon the question of contributory negligence the court charged: "The question as to whether the negligence of the driver of the wagon is to be imputed to the plaintiff has been raised, but in regard to that I advise you that the negligence of the driver is not to be imputed to the plaintiff, and, further, that if the mother of the plaintiff was present at the time the boy got into the wagon of the Schoenthalers to ride with them, as the Schoenthalers testify, that will not prevent a recovery by the plaintiff in this action, so that the only question of fact which you are to determine, in order to entitle the plaintiff to recover, is whether the employees of the railroad company were negligent on this occasion."

To this instruction the defendant excepted. The defendant's counsel, in this connection, asked the court to charge "that if the jury should find that the testimony of the Schoenthaler boys in that regard was true, then they had a right to infer from that that the mother consented to the boy going in charge of Schoenthaler, and that if she did consent, it was then a question whether that was proper care."

The court declined so to charge and the defendant excepted. The defendant's counsel also requested the court to charge "that if the jury should find that the conduct of the plaintiff just before and at the time of the accident was such, under all the circumstances, as would have been negligent in an adult, and further find that the mother in charge of the plaintiff permitted him to go driving under the charge of the driver of the wagon, and that the driver of the wagon was guilty of negligence that contributed to produce or bring about the accident and consequent injury to the plaintiff, then the negligence of the driver of the wagon was to be imputed to the plaintiff, and he could not recover, even if the defendant was negligent."

The court refused the request and the defendant excepted. At

the close of the evidence " counsel for the defendant asked the court to direct a verdict for the defendant, upon the ground that it appeared that the conduct of the plaintiff was such that in an adult would have been negligence. The conduct of the driver was negligent, as matter of law, and under the circumstances of the case the negligence of the driver was to be imputed to the plaintiff."

The court denied the motion and the defendant excepted.

A short time before the accident the Schoenthalers delivered a small quantity of coal at the house occupied by the parents of the plaintiff. The plaintiff and his mother were then at the house. A question arose on the trial whether the mother of the plaintiff consented that he might ride with the Schoenthalers. Charles Schoenthaler testified on his cross-examination: "I went in and made my delivery. When I came out of the house my horse was standing where I had left it. When I came out the plaintiff was climbing over the front wheel into the wagon. I think George was helping him get in. He hadn't quite got in. George had hold of him somewhere. I couldn't say where Mrs. Metcalfe was at that time. Q. Didn't you say on the last trial that she stood by the wagon? A. Not positively. Q. That was your recollection? A. Yes, sir. Q. Is that your recollection now? A. Yes, sir. Q. Was the lady with her? A. Yes, sir."

George Schoenthaler, on his cross-examination, testified: "Q. Didn't you tell me that when your brother was coming out of the house, and this little fellow was climbing in, Mrs. Metcalfe was there? A. I said I didn't know for sure. Q. Is it your recollection that she was? A. Yes, sir."

The mother of the plaintiff testified: "There was a lady I met that I knew. I stood talking with her outside when the coal came, and I left Victor outside with the baby, and I came in and told the boy where to put the coal, and I started to build the fire, and the first I knew Victor was gone. I didn't see him get into the wagon; I didn't know until I missed him. I had the baby out in the baby carriage, and Victor stood by it. Victor had his things on. I didn't know where he was gone, except I saw the wagon passing that street on the trot as it goes past those buildings, Bartlett street. * * * When I came out I saw the wagon passing along Bartlett street. I saw the little boy was in the wagon. I saw there was

three people. It is quite a little way from my steps to Bartlett street, through the lane; I don't know how far. I should think it was one hundred feet; I don't know."

Whether the mother of the plaintiff consented to his riding with the Schoenthalers, thus placing him in their care, was a question of fact, and, if a material one, it should have been submitted to the jury. Whether the question is a material one depends upon (1) whether the mother was negligent, and, if she were, did her negligence contribute to the accident? (2) Whether the Schoenthalers were negligent, and, if they were, did their negligence contribute to the accident? (3) Is the contributory negligence of the mother, or of the Schoenthalers, imputable to the plaintiff?

It is asserted in behalf of the defendant that if the mother permitted the plaintiff to ride with the Schoenthalers she was negligent, and that her negligence contributed to the accident. I am unable to assent to the proposition that the consent of the mother that her child should ride with these young men upon a delivery wagon and after a concededly gentle horse was a negligent act, or that such consent was the proximate cause of the accident. It seems to me there was no question for the jury in respect to her negligence.

Without prolonging this opinion by stating the evidence descriptive of the scene of the accident, how the accident occurred, the conduct of the motorman and of the driver of the delivery wagon, it seems sufficient to say that there was evidence from which the jury might have found that the Schoenthalers, by their negligence, contributed to the accident. If they were so negligent, is their negligence imputable to the plaintiff? Assuming, as we must on this appeal, that the plaintiff was permitted by his mother to ride with the Schoenthalers, they were for the time being his legal custodians and were charged with the duty of properly caring for his safety, and their negligence, if the doctrine of imputable negligence is applicable to this case, is imputable to the plaintiff.

There is a class of cases, not brought by infants for their own benefit, but brought to recover for loss of services by parents of children and by masters of apprentices whose negligence contributed to the injury of the child or apprentice, holding that the negligence of the parent or master is a defense. These cases do not rest on the doctrine of imputed negligence, though the term is sometimes

carelessly used in such cases. A plaintiff who is *sui juris* is not allowed to recover, for his own benefit, damages caused by the concurrent negligence of himself and of the defendant, no matter whether the person injured is the plaintiff, his wife, his child, or his servant.

It has been said, though, perhaps, not well settled, that in case an infant is killed by the concurrent negligence of the defendant and of a person who subsequently becomes a plaintiff as administrator of the infant, if the whole recovery is to be distributed to the negligent plaintiff, the case falls within the class above referred to.

The case at bar falls within the class of cases brought by infants for their own benefit, which class is divided into two subdivisions: (1) Those where the *non sui juris* person is guilty of conduct which in a person *sui juris* would be negligent; (2) cases where a person having the legal custody of another who is *non sui juris* has negligently placed, or permitted the latter to be, in a position by which an injury is sustained.

Under the rule in this State a recovery is allowed in the cases embraced within the first subdivision, as the negligence of a person who is *non sui juris* is usually not a defense.

The case in hand falls within the second subdivision, and is governed by the rules laid down in the class of cases to which it belongs.

The leading English case on this subject is *Waite* v. *North Eastern Railway Company* (El., Bl. & El. 719, 728). In that case the plaintiff, an infant five years of age, accompanied its grandmother to defendant's station, where she bought tickets for both entitling them to travel on the road. To reach the train on which they intended to ride it was necessary to cross defendant's tracks passing in front of the station, and while crossing, the child was injured by a passing train. Two questions were submitted to the jury: (1) Was the defendant negligent? (2) was the grandmother guilty of contributory negligence? Both questions were answered in the affirmative, and the learned trial judge directed a verdict for the plaintiff, which was subsequently set aside in the Queen's Bench (El., Bl. & El. 719), which decision was affirmed in the Exchequer Chamber (El., Bl. & El. 728).

In *Hartfield* v. *Roper* (21 Wend. 615) a child of two years of age

was permitted by its parents to be in a public highway, where it was run over and injured by a traveler. The action was brought by the child to recover damages for its injury, and it was held that the negligence of the parents contributed to the accident, and that their negligence was imputable to the child. At the Circuit a verdict was recovered for the plaintiff, which was set aside and a new trial granted, on the ground that it was clearly established that the negligence of the parents contributed to the accident. This case has never been overruled in this State.

*Cosgrove v. Ogden* (49 N. Y. 255) was brought by an infant six years of age, who was injured while unattended in the streets of New York. Whether the parents were negligent in permitting the child to be in the streets unattended was submitted to the jury and a verdict rendered for the plaintiff, which was affirmed, the court assuming that, had the parents been guilty of contributory negligence, their negligence would have been imputable to the plaintiff.

*Morrison v. Erie Railway Co.* (56 N. Y. 302) was brought by an infant twelve years of age, to recover damages sustained while being carried from a moving train by her father, on which both were passengers. The defendant was negligent in not keeping its train at the station long enough for passengers to alight. It was held that the contributory negligence of the father was imputable to the plaintiff.

*Bahrenburgh v. Brooklyn, C., H. P. & P. P. R. R. Co.* (56 N. Y. 652) was brought by an infant about four years of age, to recover damages sustained by a collision with defendant's car while riding with a young man twenty years of age, without the consent of its parents. The plaintiff and his sister, six years of age, went into the street without the consent of their parents, and caught a ride with a delivery clerk of the father. It was held that permitting the plaintiff to go on the street accompanied by his sister, if negligent, was not the proximate cause of the accident, and that, "as at the time of the accident plaintiff was in the care of a person of suitable age, that it was not negligence, as matter of law, on the part of the latter, to allow the boy to ride upon the seat, where and as he did; that was a question for the jury, and their decision is conclusive here." This case was tried in the City Court of Brooklyn, and an

examination of the record shows that the court instructed the jury as follows : " But there still remains a question for you to pass upon — whether the accident resulted from the negligence of the person in whose charge the child was at the time ; because, if it did, the negligence of that person is practically the negligence of the child — of the plaintiff in this case, and the defendants are relieved from any responsibility." Thus it appears that whether the driver, by his negligence, contributed to the accident was submitted to the jury and found for the plaintiff. Had a like course been pursued on the trial of the case at bar this question would not now have been under review. This case, cited by the plaintiff, does not sustain his contention.

*Doran* v. *The City of Troy* (22 Wkly. Dig. 230) was brought by an infant four years of age, who was injured while riding with its father, to recover damages for injuries caused, it was alleged, by the negligence of the defendant. It was held that it was conclusively shown that the father, by his negligence, contributed to the accident ; that his negligence was imputable to the plaintiff, and the judgment recovered at Circuit was reversed by the General Term, and its order was affirmed by the Court of Appeals. (104 N. Y. 684.)

*Fallon* v. *Central Park, N. & E. R. R. Co.* (64 N. Y. 13) was brought by an infant, five years of age, to recover damages for personal injuries sustained while in the street. It was urged as a defense that the parents, by their neglect, contributed to the accident. The court instructed the jury : " I leave it to you to say whether, under all the circumstances, it was negligence on the part of the plaintiff's parents to do as they did ; and if you come to the conclusion it was, then your verdict should be for the defendants." The plaintiff had a verdict which was affirmed by the General Term and by the Court of Appeals. It is assumed, in the opinion of the Court of Appeals, that the negligence of the parents, had there been any, would have been imputable to the child and a defense to the action. The court said : " I think that the charge of the judge at Circuit, upon the question of negligence of both child and mother, was strictly accurate, and the rulings upon the requests to charge were in conformity with the charge."

*Weil* v. *D. D., E. B. & B. R. R. Co.* (119 N. Y. 147) was

brought by an infant two years of age to recover for an injury caused by being run over by one of defendant's cars in the city of New York. A nonsuit was granted on the ground that, as a matter of law, the father was negligent in permitting the child to be in the street. The judgment was affirmed at General Term (25 J. & S. 188), but was reversed by the Court of Appeals on the ground that whether the parents were negligent was a question of fact for the jury.

*Kenyon* v. *N. Y. C. & H. R. R. R. Co.* (5 Hun, 479) was brought by an infant of less than three years of age, and was defended upon the ground, among others, that his parents negligently contributed to the accident by permitting the child to be in the streets of the city of Utica. It was held that the negligence of the parents was not imputable to the child and did not disentitle it to recover. This case was retried, and on the second trial the defendant asked for the following instruction : " I ask the court to charge the jury that if, from the evidence, the jury believe that the parents of the child were guilty of negligence in letting it go at large without protection, and that that negligence contributed in any degree to the producing of the injury, then the plaintiff is not entitled to recover ; that I ask as a matter of fact."

This request was refused and the plaintiff had a verdict on which a judgment was entered, which was affirmed at General Term in December, 1876 (not reported), but the judgment was reversed by the Court of Appeals November 12, 1878 (18 Alb. L. J. 400), because the foregoing request was refused. Subsequently the plaintiff moved for a reargument on the ground that the refusal to give the instruction was not excepted to, which motion was granted (18 Alb. L. J. 480), and on the reargument the court declined to amend the record by inserting an exception and affirmed the judgment. (76 N. Y. 607.)

*Hennessey* v. *Brooklyn City R. R. Co.* (6 App. Div. 206) was brought by an infant less than two years of age, who was riding in the lap of his mother, the father driving the carriage, to recover damages sustained by a collision with defendant's train. It was alleged that the negligence of the father contributed to the accident. Several of the cases herein cited were reviewed, and it was said that it is well settled in this State that, in case of an injury to an infant

who is *non sui juris*, the negligence of his custodian, whether parents or persons to whose care the child has been committed, if the negligence contributes to the accident, is to be imputed to the child, but the judgment for the plaintiff was sustained upon the narrow ground that the child was in the immediate care of its mother, and that her negligence only, and not that of the father, was to be imputed to the child. This case does not sustain the plaintiff's contention, but the contention of the defendant, which insists that the negligence of the Schoenthalers, if any, is imputable to the plaintiff in the case at bar.

Section 1902 of the Code of Civil Procedure gives, and the statute from which the section was taken gave, a right of action to the representatives of a deceased person to recover damages for a death occasioned by a negligent act of a defendant, in case the injured person could have maintained an action if death had not ensued. Under the statute and under the Code, actions brought by the representatives of persons who were *non sui juris* at the time of injury, stand, with perhaps the single exception hereinbefore referred to, upon the same principle, so far as imputable negligence is concerned, as actions brought by persons who are *non sui juris*.

*Ihl* v. *The Forty-second Street R. R. Co.* (47 N. Y. 317) was an action brought by the administrator of a child three years of age, which was killed while crossing defendant's track, attended by a child nine and one-half years of age. The defendant requested the court to charge that it was negligence, as a matter of law, for the parent to permit the child to cross the street attended as it was, which was refused. The jury found that the mother was not negligent in permitting the child to cross the street attended by its sister, and that the sister was not negligent. The case of *Hartfield* v. *Roper* (*supra*) was cited and approved, and it was assumed that the negligence of the mother, and the negligence of the attendant, had there been negligence, would have been imputable to the infant, if the negligence of either had contributed to the accident.

*Kunz* v. *The City of Troy* (104 N. Y. 344) was brought by the administrator of a child between five and six years of age to recover damages for its death, occasioned by the negligence of the defendant. It was alleged as a defense that the father was negligent in permitting the child to go into the street, and that his negligence

contributed to the accident. The plaintiff was nonsuited, and, in reviewing the judgment, the Court of Appeals held that whether the father was guilty of contributory negligence was a question of fact, thus necessarily holding that the contributory negligence of the father, if any there was, was imputable to the plaintiff.

*Birkett* v. *Knickerbocker Ice Co.* (110 N. Y. 504) was brought by an administrator of a child between four and five years of age to recover damages for its death, occasioned by the negligence of the defendant. As a defense it was alleged that the parents of the child contributed to the accident by negligently permitting it to play in a public street. Whether they were negligent was submitted to the jury, and found for the plaintiff, who recovered a judgment, which was affirmed by the General Term and by the Court of Appeals. It was said by the latter court that whether it was negligence for the parents to permit the child to go into the street was a question for the jury.

*Huerzeler* v. *C. C. T. R. R. Co.* (139 N. Y. 490) was brought by the administrator of an infant between five and six years of age to recover damages for his death, caused by the negligence of the defendant. The defendant alleged that the accident was caused by the contributory negligence of the parents of the child. The plaintiff recovered a judgment, which was affirmed by the General Term and by the Court of Appeals. In discussing the case it was said by the Court of Appeals: " That fact (defendant's negligence) being established, the defendant could defeat the plaintiff only by showing, the child being *non sui juris,* that her mother was negligent in permitting her to be in the street, and, that fact being established, also that there was such conduct on the part of the child contributing to the accident as would have defeated an action by her, if she had been an adult. It was not negligence as matter of law for the mother of this child to permit her to be in the street, and so we have several times held. * * * We will not repeat the evidence bearing upon the question of the mother's negligence. We will simply say that upon that evidence it was a question of fact for the jury to determine whether the mother was negligent in permitting this child to be in the street for a few minutes under the circumstances disclosed. That question having been determined in favor of the plaintiff, if there was any mere negligence on the part of the

child contributing to the accident, that does not shield the defendant from liability, its negligence having been established."

*Williams* v. *Gardiner* (58 Hun, 508) was brought by the administrator of a child under five years of age, who was sent by its mother upon the premises of the defendant in charge of its sister, who was nine years of age. The trial judge was asked to charge that, if the mother selected the elder sister to accompany the child that was killed, and if the elder child by its negligence contributed to the accident, the plaintiff could not recover. This request was refused, and the plaintiff had a verdict upon which a judgment was entered, which was reversed on the ground that the negligence of the sister was imputable to the intestate.

Many cases discussing the effect of the contributory negligence of parents and of custodians of children, who are *non sui juris*, are cited in a note to *Casey* v. *N. Y. C. & H. R. R. R. Co.* (6 Abb. N. C. 104), in Thomas on Negligence (383 *et seq.*) and in 14 American Law Review, 770.

*McGarry* v. *Loomis* (63 N. Y. 104) and *Cumming* v. *The Brooklyn City Railroad Co.* (104 id. 669) are sometimes cited in support of the proposition that the negligence of the parent or custodian of a child is not to be imputed to it. In these cases the children were not in the custody of their parents or of any one at the time of the accidents. In *McGarry's* case the jury found as a fact that at the time of the accident the child was not guilty of any act of omission or commission contributing to the accident, which would have been negligent in an adult. In *Cumming's* case it is said : " No facts were proved which showed any negligence on the part of the plaintiff. She was on a public street, and about to cross it, and waited for one train to pass the crosswalk on which she was. * * * In all this she acted as any one might who was taking ordinary care, and who was desirous of getting across a crowded street over a somewhat dangerous crossing, as soon as conveniently it could be done." In other words, in case a child not in the care of a parent or custodian is injured by the negligence of a defendant, and the child neither committed nor omitted any act which would have been contributory negligence in an adult, the antecedent negligence of the parent in permitting the child to be in the street is not the proximate cause of the accident, and is not a defense to

the action.    These cases do not involve the doctrine of imputable negligence.

It is the rule in this State that the negligence of a driver of a carriage is not imputable to a person riding with the driver on his invitation (*Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 11; *Dyer* v. *Erie Railway Co.*, 71 id. 228); and that the negligence of a husband, who is driving, is not imputable to his wife riding with him. (*Hoag* v. *N. Y. C. & H. R. R. R. Co.*, 111 N. Y, 199; *Hennessy* v. *Brooklyn City R. R. Co.*, 73 Hun, 569; affd., 147 N. Y. 721.)

The learned counsel for the plaintiff insists that the negligence of a driver, not being imputable to an adult possessed of judgment and the right of self-control, who is riding with the driver, it is illogical to impute the negligence of the driver to an infant without judgment and incapable of self-control.    In reply it may be said this opinion is founded upon precedents, and does not assume to discuss the principle on which the precedents are supposed to rest.    If the question, which seems to be settled in this State, is to be re-examined and the precedents overruled, it should be done by the court of last resort.

In addition to the questions submitted to the jury by the trial court, it should have submitted the following : (1) Did the mother of the plaintiff consent that he should ride with the Schoenthalers? (2) Did the Schoenthalers, by negligent conduct, contribute to the accident?    Had these questions been found for the defendant it would have been entitled to a verdict of no cause of action.

The judgment and order should be reversed, and a new trial granted, with costs to abide the event.

HARDIN, P. J., ADAMS and GREEN, JJ., concurred; WARD, J., concurred in result.

Judgment and order reversed and a new trial ordered, with costs to abide the event.