MICHAEL J. REGAN, an Infant, by THOMAS J. REGAN, His Guardian ad Litem, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent.

Fourth Department, May 9, 1923.

**Street railways — action to recover for injuries to child non sui juris who was struck by trolley car — plaintiff, in custody of girl thirteen years of age, was playing in street — negligence of parent or said girl not imputable to plaintiff where child exercised due care — active negligence by custodian may prevent recovery — question of plaintiff's contributory negligence not properly submitted to jury.**

Where a child between four and five years of age and *non sui juris* while crossing a street is struck by a street car, the negligence, if any, of the mother or of a girl thirteen years of age, in whose custody the child was left by the mother, is not imputable to the child, where the child exercises due care.

But active negligence on the part of the custodian of a child, some negligent act directly contributing to the injury, may prevent recovery; likewise where the child is identified with the errand of the custodian.

Since the court did not clearly submit to the jury the care which the child was bound to exercise under the circumstances, a new trial is granted.

APPEAL by the plaintiff, Michael J. Regan, from a judgment of the Supreme Court in favor of the defendant, entered in the

office of the clerk of the county of Erie on the 18th day of May, 1920, upon the verdict of a jury rendered by direction of the court after the court had submitted certain questions to the jury and taken its special verdict thereon, and also from an order entered in said clerk's office on the 16th day of June, 1920, denying plaintiff's motion to direct the jury to change its special verdict as to one of the findings therein, and denying his motion for a new trial made upon the minutes.

*Haley & Ueck* [*Percy S. Lansdowne* of counsel], for the appellant.

*Penney, Killeen & Nye* [*Harold S. Brown* of counsel], for the respondent.

DAVIS, J.:

The plaintiff, an infant between four and five years of age, while crossing the street on October 22, 1919, was struck by a street car and injured through the gross negligence of the motorman. The motorman was not giving his attention ahead of the car and did not even see the child.

The plaintiff's father worked in a shop. The mother looked after the household. She had to go to a grocery near by on an errand, and left plaintiff and a baby temporarily in charge of Evelyn Kaye, about thirteen years old. The latter wheeled the baby and was looking after plaintiff. While walking on the sidewalk the plaintiff ran away from her and began playing with other children in the alley. There was nothing special from which danger might be apprehended. Evelyn went to look for the mother and plaintiff started across Grant street. The street car that ran along Grant street was standing at the corner of Lafayette avenue discharging or taking on passengers. There is no direct evidence that plaintiff was negligent. It was not *prima facie* a negligent act for the child to start across the street a half block ahead of a street car standing still. He did not run at first. He stepped out and was walking across the street. The motorman started the car and was not attentive to his duties. He gave no signal. Evidently the car moved rapidly for it went some considerable distance after the boy was struck.

It is no longer the rule in this State that a parent who permits a child *non sui juris* to play in the street is guilty of negligence as a matter of law. The harsh doctrine originally adopted in *Hartfield* v. *Roper* (21 Wend. 615) has been much criticized (See 29 Cyc. 552) and modified (*Kunz* v. *City of Troy*, 104 N. Y. 344; *Birkett* v. *Knickerbocker Ice Co.*, 110 id. 504; *Huerzeler* v. *Central C. T. R. R. Co.*, 139 id. 490).

The court submitted five specific questions of fact for the jury

to answer, which were in brief: (1) Was the motorman negligent? (2) Was the plaintiff free from contributory negligence? (3) Was Evelyn Kaye free from negligence contributing to the accident? (4) Was the mother of the plaintiff free from negligence contributing to the accident in intrusting the plaintiff in care of Evelyn Kaye? (5) The amount of plaintiff's damages. The jury answered the first, second and fourth affirmatively, the third in the negative and found $3,000 damages for plaintiff. The court directed a general verdict in favor of defendant.

The theory of the trial court and the grounds urged for affirmance here are that the plaintiff may not recover because there is a finding that Evelyn Kaye, the custodian, was negligent, and her negligence is imputable to the plaintiff. I think this position is untenable. Active negligence on the part of a custodian of a child — some negligent act directly contributing to the injury, may prevent recovery (*Williams* v. *Gardiner,* 58 Hun, 508; *Metcalfe* v. *Rochester R. Co.,* 12 App. Div. 147; *Bahrenburgh* v. *Brooklyn City, H. P. & P. P. R. R. Co.,* 56 N. Y. 652); likewise where the child is identified with the errand of the custodian. (*Wallace* v. *Casey Co.,* 132 App. Div. 35.) But if a child *non sui juris* exercised due care, the negligence of a parent or custodian may not then be imputed to it. (*Ihl* v. *Forty-second St., etc., R. R. Co.,* 47 N. Y. 317, 323; *McGarry* v. *Loomis,* 63 id. 104, 107; *Ryczko* v. *Klenotich,* 204 App. Div. 693.)

What constitutes due care depends upon the facts of the particular case. If the plaintiff exercised the care of a person of years of discretion, then he is entitled to recover. (*McGarry* v. *Loomis, supra; Serano* v. *N. Y. C. & H. R. R. R. Co.,* 188 N. Y. 157.) The case was tried on the theory and it was practically conceded that the child was *non sui juris.*

The question of the plaintiff's care with instructions applicable to his contributory negligence, was not clearly submitted to the jury in the charge of the learned trial court, and for that reason the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur; SEARS, J., not sitting.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide event.