HELEN OUDERKIRK, as Administratrix, etc., of ISABEL BISHOP, Deceased, Appellant, *v.* BOSTON AND MAINE RAILROAD, Respondent.

CHARLOTTE BISHOP, an Infant, by HELEN OUDERKIRK, Her Guardian ad Litem, Appellant, *v.* BOSTON AND MAINE RAILROAD, Respondent.

ADELAIDE CRAMER, as Administratrix, etc., of GEORGE BISHOP, Deceased, Appellant, *v.* BOSTON AND MAINE RAILROAD, Respondent.

Third Department, November 25, 1931.

*Myers & Searle* [*John W. Searle* of counsel], for the appellant Helen Ouderkirk, as administratrix, etc., and for the appellant Charlotte Bishop, an infant, etc.

*Mathias P. Poersch,* for the appellant Adelaide Cramer, as administratrix, etc.

*Jarvis P. O'Brien,* for the respondent.

HILL, J. The plaintiffs in these three actions tried together have appealed from judgments dismissing the complaints entered upon the verdict of the jury. The two intestates, husband and wife, and their baby, the infant plaintiff, were riding southerly in an automobile which collided with a locomotive shortly after midnight, November 24, 1929, at a grade crossing near Schenectady. The locomotive was running backwards in a westerly direction. The father and mother were killed and the infant received severe personal injuries.

The negligence pleaded by the plaintiffs and litigated was the alleged failure to give warning signals by whistle and bell. In this connection the plaintiffs offered testimony tending to show that warning lights maintained at the crossing did not flash, and sought to show the speed at which the engine was traveling, as bearing upon the necessity for signals and the adequacy of any which the jury might find were given. The plaintiffs ask this court to exercise its discretion and reverse for errors in the exclusion of evidence and in the charge, most of which were not excepted to, arguing that a fair trial was not accorded them because of the errors.

The trial judge correctly stated that negligence could not be predicated upon the speed at which the engine was moving when it approached and passed over the crossing, but this rule did

not justify the exclusion of evidence which plaintiffs offered on speed, as speed is a circumstance which may be shown because of its bearing upon the adequacy of such signals as the jury might find were given. The witness Mrs. Pahl should have been permitted to state where she saw the automobile standing because defendant had attempted, with some success, to discredit the evidence of plaintiffs' witness Burchell that he was present at the scene of the accident and parked his automobile in the vicinity of Mrs. Pahl's house. Burchell also gave testimony that the headlight was burning while the engine was moving, which was disputed by the train crew. Mrs. Pahl should have been permitted to state whether the engine was moving and the headlight lighted at the time she saw it. Plaintiffs' counsel were not subject to criticism for proving on rebuttal the number of small lights on the engine tender, as this evidence was offered in answer to proof made by defendant. There was evidence that the father was driving the automobile. This would justify an inference that the infant under two years of age was in the immediate custody of the mother. The court charged that the negligence of both parents was imputable to the infant. This was error if the jury found that the mother was in personal charge of the infant plaintiff. (*Hennessey* v. *Brooklyn City R. R. Co.*, 6 App. Div. 206; *Lewin* v. *Lehigh Valley R. R. Co.*, 52 id. 69.)

The judgments should be reversed on the facts as a matter of discretion, and the case retried. (*Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442; *McKellar* v. *American Synthetic Dyes*, 229 id. 106.)

All concur.

Judgments reversed on the facts and new trials granted, with costs in one action to the appellant to abide the event.