FANNY KUPCHINSKY, as Administratrix, etc., of GLORIA KUP-CHINSKY, Deceased, Respondent, v. VACUUM OIL COMPANY, Appellant, Impleaded with MORRIS LESSER, Defendant.

RAYMOND KUPCHINSKY, an Infant, by FANNY KUPCHINSKY, His Guardian ad Litem, Respondent, v. VACUUM OIL COMPANY, Appellant, Impleaded with MORRIS LESSER, Defendant.

Second Department, June 3, 1933.

*Bertrand L. Pettigrew*, for the appellant.

*Richard C. Cotter* [*Robert X. Kuzmier* with him on the brief], for the respondents.

DAVIS, J. The two actions were tried together, resulting in separate judgments for the respective plaintiffs. Both actions arose in an accident occurring when there was a collision between the trucks of the defendants. Riding in the truck of defendant Lesser were two children. One, Gloria Kupchinsky, about three years of age, was killed. The other, Raymond Kupchinsky, eleven years of age at the time, was injured. Defendant Vacuum Oil Company only has appealed. For the purpose of this appeal the negligence of the appellant is conceded. The verdict determined that defendant Lesser also was negligent.

The primary question here presented by appellant is that, as the deceased infant, Gloria, was *non sui juris* and in the custody of her uncle, Morris Lesser, there can be no recovery, for the reason that the negligence of Lesser is imputable to the infant as a matter of law. The question was specifically raised on the trial by requests to charge.

The facts may be briefly stated. Fanny Kupchinsky, the mother of the two infants, conducted a poultry market, and Morris Lesser, her brother, was employed in the business. Morris, a licensed chauffeur, was at the time twenty-one years of age. He owned a small truck with which he delivered poultry, and was so engaged at the time of the accident. The father and mother of the children permitted them to ride about on the truck with the uncle occasionally; and evidently this was one of those occasions. The three were on the seat, Lesser on the left at the wheel, Raymond on the right side, and Gloria in the center. The accident was the result of a collision of the trucks of Lesser and appellant at a street intersection. Both defendants, as we have said, have been found negligent.

The question is in some respects entirely novel. As already stated, it is that Gloria, being *non sui juris*, could exercise no care whatever in respect to her own safety; and that the negligence of her uncle in bringing about or contributing to the accident was imputable to her as a matter of law.

The doctrine of imputable negligence originated in this State in *Hartfield* v. *Roper* (21 Wend. 615). In that case it was held in effect that it was "a criminal neglect" and imputable negligence as a matter of law to permit a small child to wander into the road. That harsh doctrine has been criticised and greatly modified in later cases. (*Regan* v. *International Railway Company*, 205 App. Div. 425, 426; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Birkett* v. *Knickerbocker Ice Co.*, 110 id. 504; *Huerzeler* v. *C. C. T. R. R. Co.*, 139 id. 490; *Camardo* v. *New York State Railways*, 247 id. 111, 115.) Ordinarily, the negligence of children and that of their custodians

is to be determined as a question of fact. In these days the instances are rare where courts will hold that a child injured by another's wrong is remediless because of some degree of negligence by its custodian.

There is no well-established general doctrine that may be applied to the facts of this particular case. In *Hennessey* v. *Brooklyn City R. R. Co.* (6 App. Div. 206) CULLEN, J., wrote for this court in affirming a judgment for plaintiff. A small child was injured in a collision between a phaeton driven by the father and the car of the defendant. At the time the mother was holding the plaintiff in her lap. The question there presented was whether the negligence of the father was to be attributed to the plaintiff, and it was remarked, " is by no means easy of solution." The learned jurist said: " That the negligence of the father, who drove the vehicle, is not imputable to his wife, the mother of the plaintiff, and in whose arms she was being held at the time of the accident, is both clear on authority, * * * and is conclusively determined by her recovery in her own action for injuries from this accident. (*Hennessy* v. *Brooklyn City R. R. Co.*, 73 Hun, 569; affd., 147 N. Y. 721.) The mind naturally shrinks from accepting the proposition that though the negligence of the driver is not to be attributed to the mother, yet it is to be attributed to the baby she carried in her arms. This proposition, too, if correct, must proceed wholly from the relation the child bore to the driver, for if the driver had not been her father or custodian she would not have been responsible for his negligence. * * * But it is equally settled law that to make this rule applicable the infant must have done something which in the case of an adult would have constituted negligence. * * * Now, in this case had the plaintiff been an adult, negligence on her part would have consisted, not in riding in the vehicle, nor in misconduct on the part of the driver, but in failing to properly take care of herself, *i. e.*, either a failure to call the attention of the driver to the presence of the danger, to jump out of the vehicle, or to do whatever the jury might find an ordinarily prudent person would have done under the circumstances. * * * Now, assuming the father was negligent in driving the vehicle, is that to be considered as negligence in his duty as parent or custodian of the child, or is his negligence to be considered as in a subject-matter apart from parental duty and his relation to the child, or are the two so interwoven as to be incapable of separation?" Then followed a quotation from Shearman and Redfield on Negligence: " the negligence of a parent or guardian, when not acting in that capacity, is not chargeable to his child, even though it tends to expose the child to injury from other persons." While Judge CULLEN said that the authority cited

to sustain this proposition did not proceed on this principle, he added: " Nevertheless, I think it clear that the proposition stated must be correct." He then proceeds to give illustrations of where the negligence of the father would not be imputable to the child — as, for instance, if he were the engineer of a railroad train on which the child was riding.

The *Hennessey* case differs from the one under consideration in this respect. In that case the child was in the actual custody of the mother. Here there was no other custodian unless we adopt the strained argument of the respondent that the actual custodian at the moment of the accident was the eleven-year-old brother, Raymond. There is nothing to indicate that the latter was charged with the custody of the child, so we reject this theory.

The case of *Lewin* v. *Lehigh Valley R. R. Co.* (52 App. Div. 69) followed in the main the *Hennessey* case under facts quite similar. It was said: " Under such circumstances it is clear that, except for the fact that the plaintiff bore the relation of father to the deceased, no claim could be made that the negligence of the plaintiff would prevent a recovery on behalf of the child. If the deceased had been an adult, the plaintiff's negligence would not have been imputable to him." A judgment in favor of plaintiff was affirmed. There was affirmance on appeal (165 N. Y. 667), with no discussion of the doctrine of imputable negligence.

A recent case is *Ouderkirk* v. *Boston & Maine Railroad* (233 App. Div. 508). That was another case where the father was negligent but the mother was also present. The court had charged that the negligence of both parents was imputable to the infant. It was held that this was error if the jury found that the mother was in personal charge of the infant plaintiff. (Citing the *Hennessey* and *Lewin Cases, supra.*) In the three cases reviewed, it is difficult to see what difference the shifting of custody to the mother made in the result, for obviously she could do nothing to prevent the accident. As a question of fact in a given situation, such a custodian might do something to protect the child, but her failure to act in any particular manner in a sudden emergency would not be negligence as a matter of law.

On the part of the appellant the principal case relied on is *Metcalfe* v. *Rochester R. Co.* (12 App. Div. 147). That was a case of a child *non sui juris*. He was taken into a coal delivery wagon by two young men. It was found by the verdict that the plaintiff was injured by the negligent acts of the young men, and the principal question was whether their negligence as custodians was imputable to the infant. Many cases are reviewed in the opinion, nearly all involving the question arising where the parent negligently permits

the infant to go into a place of danger and such negligence was held imputable to the child. There can be no doubt about the rule in this State in that respect, for the accident is directly traceable to negligence in custody. In other cases, like *Morrison* v. *Erie Railway Co.* (56 N. Y. 302), discussed in the opinion, there was direct negligence involving custody. In the *Morrison* case the father took an infant twelve years of age under his arm and carried her from a moving train on which both were passengers. Although it was held that the defendant was negligent in not making a proper stop, it was also held that the contributory negligence of the father was imputable to the plaintiff. Likewise in *Doran* v. *City of Troy* (22 Wkly. Dig. 230), where an infant four years of age was injured while riding with its father on the top of a one-horse spring market · wagon and was jolted off when the wagon passed over a rough part of the road, it was held that the father's negligence was imputed to the plaintiff for failing to hold the child or otherwise protect it, or caution it to hold fast to him. Both the *Morrison* and the *Doran* cases are distinguished in the opinion in the *Hennessey* case; and as to the *Doran* case Judge CULLEN says: " In that case it will be seen that the negligence of the driver was strictly in the discharge of his duty as custodian of the child." The decision in the *Metcalfe* case was somewhat inconclusive. The judgment for the plaintiff was reversed and a new trial ordered with a direction that additional questions should be submitted to the jury.

The doctrine stated in *Delaware, L. & W. R. Co.* v. *Devore* (114 Fed. 155) is based on a state of facts varying somewhat from those of the *Hennessey, Lewin* and *Ouderkirk* cases. It was held that the negligence of the father, who was driving, as well as of the mother who sat by his side holding the child, in not discovering the approach of the train causing the accident, was imputable to the child, as the father was not acting as a driver merely. A judgment for the child was reversed and a new trial ordered.

This court in *Wallace* v. *Casey Co.* (132 App. Div. 35, MILLER, J., writing) applied the doctrine to a state of facts where a mother allowed her three-year-old child to wander unattended six blocks from home. In that case the child accompanied a boy twelve years old to a factory where barrels were thrown out as a gratuity to poor persons calling for them. The child was injured when a barrel was thrown out to the boy. It was said: " It is difficult to escape the conclusion that the older boy, knowing that the barrel was to be dropped from the loft, was negligent for allowing the plaintiff to get in the way of it; and there is certainly more reason to impute the negligence of the custodian immediately contributing to the accident than the more remote negligence of the parent in allowing

the child to go unattended." Here was clearly a neglect of custodial duty. The boy was guilty of no active negligence causing injury to the child. (Cf. *Regan* v. *International Railway Company*, 205 App. Div. 425.)

The doctrine in Massachusetts apparently favors the appellant's contention. In *Gallagher* v. *Johnson* (237 Mass. 455), a collision case, it is said: " At common law, without merit or fault in respect to his own conduct, the child was entitled to the benefit of his father's vigilance and forethought and was subject to all disadvantages resulting from any failure of performance of that parental duty. Ordinary care in that particular, as well as negligence on the part of the father, would be attributable and imputed to the child. Being in the actual physical custody of his father, the child was identified with him so far as concerns due care and negligence." The court below had charged, " If you shall find that there was contributory negligence [on the part of the father], of course, then there is no recovery by either of the plaintiffs." This charge seems to have been approved; but the judgment in favor of plaintiff in both cases was affirmed — quite evidently on the theory that the father had not been found negligent.

It is our view that both reasoning and the current of modern authority make the acts of custody and of driving separable. The line of demarcation may sometimes be shadowy and indistinct but we think it exists, and the two acts in this case may be identified. When the uncle had placed the child on the seat of the truck in a safe place, his duty as a custodian had in a measure ceased. His act in driving the truck was distinct from that of custody. The accident was not caused, as in the *Doran* case or the *Wallace* case, because of an unsafe position of the child, but was the result of a new and independent act of negligence on the part of the uncle in driving. The uncle's relation to the infant in that respect was no different from that to the older boy or to an adult passenger. Of course the infant was not capable of exercising judgment in respect to acts involving her own protection; but in this case, where the accident happened so suddenly at the intersection of two streets, nothing could apparently have been done by any passenger to avert it. No negligent act of omission or commission on the part of the child contributed to it. Applying the same rule to an adult, there could be recovery. " The child being in a lawful place, and exercising what would be regarded as ordinary care in an adult, is entitled to recover for an injury occasioned by the wrongful act of another, irrespective of the conduct of the parents." (*McGarry* v. *Loomis*, 63 N. Y. 104, 107.) (See, also, *Lannen* v. *Albany Gas Light Co.*, 46 Barb. 264, 269–271; affd. on other grounds, 44 N. Y. 459.)

It would be entirely inconsistent and apparently an unjust result

if Raymond, the eleven-year-old boy, might recover under the same circumstances where the administratrix could not as a matter of law. Raymond did nothing that Gloria left undone. As we have said, the duty as a custodian had temporarily come to an end. It was not an act strictly involving custody that brought about the accident. The child was safely placed. Nothing that she did or any act or omission of another involving custody put her in a position of danger, as would be the case if she wandered unattended in a place of danger upon the street.

The law should represent some reasonable degree of equality and consistency in administering justice. It would not in this case if Raymond should be permitted to recover and the child in the same situation be held responsible for the separate and independent act of negligence of the driver in whose custody she was originally safely intrusted. The doctrine of imputable negligence is of artificial creation and not universally accepted. (Shearman & Redf. Neg. [6th ed.] §§ 75, 78; 15 A. L. R. 414 *et seq.*) It must in particular cases yield to reason and practical considerations. The question is novel and interesting, but we are of opinion that negligence was not imputable as a matter of law. In so far as the *Metcalfe* and *Devore Cases* (*supra*) are to the contrary, we do not follow them.

The only other questions raised relate to excessive verdicts for damages. While the verdicts were large, we are not inclined to disturb them.

The judgments and orders should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, TOMPKINS and DAVIS, JJ.

Judgments and orders unanimously affirmed, with costs.