DUANE SPAULDING, an Infant, by KENNETH SPAULDING, His Guardian ad Litem, Respondent, *v.* PHOEBE MINEAH, Appellant.

Third Department, November 24, 1933.

*Haskell, Kelly & Maher* [*W. C. Maher* and *Albert Haskell, Jr.,* of counsel], for the appellant.

*Lusk, Buck & Ames* [*Clayton R. Lusk* of counsel], for the respondent.

HILL, P. J.  The plaintiff, three-year-old grandson of defendant, has recovered a judgment compensatory for injuries received while a passenger in an automobile owned by defendant, and driven by her under a learner's permit.

"The holder of a learner's permit shall not operate or drive a motor vehicle unless at all times under the immediate supervision and control of a driver duly licensed under this article.  No person who is not so licensed shall instruct another, nor shall anyone give instructions to any person who does not hold a learner's permit in force and effect.  Any person when instructing another shall be liable with him for any breach of this chapter, or of any local ordinance, rule or regulation."  (Vehicle & Traffic Law, § 20, subd. 4.)

Plaintiff's mother, Mrs. Spaulding, a licensed driver, accompanied him on the ride with her mother, the defendant, and was concerned with the operation of the car as provided in the above-quoted section of the law.  Defendant had taken lessons from an instructor and on at least two previous occasions had driven the automobile when accompanied by Mrs. Spaulding.  On the day of the accident, defendant, driving southerly on West street in Cortland, at about ten miles an hour, turned easterly into West Main street.  Failing to complete the turn, the right front wheel of the car passed over the southerly curb about forty feet east of the intersection of the streets.  The car struck a mail box and a tree.  The injuries to plaintiff resulted from the collision.  At the time this

turn was made, plaintiff was seated on his mother's knee, with her right arm about him.

It is asserted that Mrs. Spaulding was negligent as matter of law and that, as her negligence was imputable to the plaintiff, a reversal is required. According to well-considered authorities, under conditions similar to those here presented, the negligence of a parent in his duty as a custodian is a subject-matter apart from that arising through careless driving or management of the vehicle. (*Kupchinsky* v. *Vacuum Oil Co.*, 238 App. Div. 457; *Lewin* v. *Lehigh Valley R. R. Co.*, 52 id. 69; affd., 165 N. Y. 667; *Hennessey* v. *Brooklyn City R. R. Co.*, 6 App. Div. 206.) Under the logic of these authorities, Mrs. Spaulding's negligence in her connection with the operation of the car would not be imputable to the infant, while the improper exposure of the child to danger would amount to negligence in custodianship and would be imputable. Interesting and technical as is this distinction, it is not presented in this case, for the trial judge in his charge submitted to the jury as imputable to plaintiff, Mrs. Spaulding's alleged negligence both in custodianship and in relation to the operation of the car. No exception was taken. Negligence of Mrs. Spaulding connected with the operation of the car could have arisen only through her failure to warn defendant, or to take over the management of the car, probably by applying the emergency brake. Her duty in this regard, in view of the sudden emergency, was a question of fact which was decided by the jury in favor of the plaintiff. Imputable negligence as a custodian there would be if an ordinarily prudent mother would not have taken the child for this ride with a driver as inexperienced as defendant, or, if she as custodian did not use prudence in warning defendant, or in failing to remove plaintiff from the car if defendant's operation thereof was negligent. Such reckless conduct in beginning or continuing the ride as would amount to contributory negligence and prevent a recovery by Mrs. Spaulding against defendant had she brought an action would be imputable to and prevent a recovery by the infant. This is the standard by which to measure imputable negligence set by the *Hennessey, Lewin* and *Kupchinsky* cases cited above.

The fact that defendant was operating the car under a learner's permit is not important. It has been decided that driving without a license, or doing any act in violation of statutory requirements, is unimportant unless the violation was a contributing cause to the injury. (*Klinkenstein* v. *Third Avenue R. Co.*, 246 N. Y. 327; *Corbett* v. *Scott*, 243 id. 66; *Martin* v. *Herzog*, 228 id. 164.) In *Ward* v. *Barringer* (123 Ohio St. 565) the opinion says: " Mere knowledge by a passenger of reckless driving, or of violation of law

by an automobile or taxi driver, does not *ipso facto* preclude him from recovery, if he used the degree of care that ordinarily prudent men would have used under like or similar circumstances; and that issue becomes a question for the jury. (*Dowd* v. *Atlas Taxicab Co.*, 187 Cal. 523; *Bauer* v. *Tougaw*, 128 Wash. 654; *Bryden* v. *Priem*, 190 Wis. 483.) "

In *Griffin* v. *Hustis* (234 Mass. 95) plaintiff had been injured through a collision of his automobile with a railroad train. The automobile was being driven by an unlicensed chauffeur who had been employed by the plaintiff. The opinion says: " It is settled by *Conroy* v. *Mather* (217 Mass. 91), that plaintiff's violation of the provisions of this act [forbidding the employment of an unlicensed chauffeur] is some evidence of negligence. But it could not be ruled that such negligence directly contributed to his injuries, so as to preclude him as matter of law from recovering."

The authorities in this State do not sustain appellant's argument that *Sorrentino* v. *Sorrentino* (248 N. Y. 626) prevents a recovery by a child against its grandmother when the facts disclose that they lived in separate households, the child residing with and receiving its care, protection and support from its own parents. (*Allen* v. *Allen*, 246 N. Y. 570; *Stanley* v. *National Union Bank*, 115 id. 122; *Crosby* v. *Crosby*, 230 App. Div. 651; *Delaware, L. & W. R. Co.* v. *Petrowsky*, 250 Fed. 554; 43 Harvard Law Review, p. 1030.)

The judgment should be affirmed, with costs.

RHODES, BLISS and HEFFERNAN, JJ., concur; McNAMEE, J., dissents, with an opinion.

McNAMEE, J. (dissenting). The plaintiff was a boy two and one-half years old, and the defendant was his grandmother; the child's mother was the daughter of the grandmother. The grandmother purchased a Chevrolet coupe, and procured a learner's permit to drive, in August, and had taken " some " lessons. She moved her home from Dryden to Cortland on September 6, 1932, and left the car behind until the latter part of September when it was driven to Cortland by the daughter, a licensed driver, the grandmother riding therein. A day or two later the grandmother drove once, under the supervision of the daughter; and the latter was allowed to testify relative to the experience of the defendant, " I knew she had driven;  *  *  *  she had had an instructor and had taken lessons," but did not know how many times she had been out. Thus, what instruction had been received, and in what circumstances, and to what extent the grandmother had driven, do not appear.

On the day of the accident the defendant asked her daughter to

ride with her and supervise her driving; and thereupon the daughter deposited the plaintiff child in the car, backed the car out of the garage, drove it to a point outside of the main traffic of the city; and then turned the management of the car over to the defendant. The grandmother drove back and forth, drove into driveways and backed out, and was " practicing " for a period of about forty-five minutes, under the instruction of the daughter. The grandmother attempted to turn a corner of a public street of Cortland, twenty-four feet wide, going about ten miles per hour, with no other traffic or hindrance present, drove the coupe up onto the sidewalk, struck a mail box, and came to a stop against a tree. Although the small car was presumably new and in good condition, and could have been stopped within a few feet, the impact broke the windshield glass, and the little boy was injured; and he now brings this action to recover against his grandmother for negligence.

On this state of facts the grandmother, of course, was negligent; and if she were a competent, or even a licensed driver, or represented herself to be either, doubtless the question of contributory negligence would be a question of fact for the jury, whether the action were brought by the daughter or by the grandson. But upon my view of the evidence, only a question of law is presented.

It must be presumed, under the statute and upon her own admissions, that the grandmother was incompetent to drive, because she sought, and by the public authorities was granted, a permit to learn how to drive, and to use the highways for that purpose, upon definite conditions to be observed by her as laid down in the statute. One of these conditions was that she should not drive a motor vehicle, " unless at all times under the immediate supervision and control of a driver duly licensed " (Vehicle & Traffic Law, § 20, subd. 4). There was no evidence in the case that the defendant was a competent driver, or that she had passed an examination as to her qualifications, as required by the first subdivision of the same section; indeed there is no proof from which it could be inferred that the defendant was competent to drive, or that would induce any prudent person to believe that fact. There was no evidence offered, and no inference may be drawn, to overcome the presumption that the statute and her own admissions raised against the competency of the defendant when she applied for and was granted the learner's permit. All the evidence in the case, including the facts of the accident, and the statute, lead to two definite conclusions, viz., that the grandmother was not a safe driver, and that the daughter knew it. Any contrary conclusion would be against the evidence. There is no suggestion in the case that the daughter was misled or deceived as to the inability of the grandmother to

drive; and no prudent person would believe, on the evidence here, that the grandmother was other than a dangerous driver.

The mother of the child had voluntarily assumed the dangerous undertaking of riding with and supervising the conduct of an incompetent driver. Of course, she had a right to do this; but the question is was she exercising reasonable care when she voluntarily subjected a child of two and one-half years to the same danger. The child was clearly *non sui juris*, and if the mother was guilty of contributory negligence in that particular her negligence must be imputed to the child.

It was urged on the argument that the child's mother might safely disregard the fact that the grandmother had only a learner's permit. That might be true if the grandmother were a competent driver; but it is important here because it was notice to the daughter, in the absence of evidence to the contrary, that the grandmother was presumed, as a matter of law, to be incompetent to drive. And that very incompetence against which the law presumed was the cause of this accident. The cases which have to do with the violation of a statute by *competent* drivers, such as driving without a license, under age, etc., of course, have no bearing here, because in those cases the violation did not lead to the accident.

This case should not be decided on the theory that the child and his mother were merely " riding " in the automobile. That theory may not be justified. The mother was engaged in the performance of a statutory duty, and in rendering an inherently dangerous service which was essential to the grandmother's right to drive on a public highway. And when she knew that the law presumed the grandmother to be incompetent, and it was necessary to drive the car for her from Dryden to Cortland, and to back the car out of the garage, and for the grandmother to be " practicing," she had repeated notice of the inability of the grandmother to drive with safety.

If instead of teaching the art of operating an automobile, the daughter had undertaken to supervise the efforts of the grandmother in learning to fly an airship, or to ride with her while she was " breaking " a colt, or to aid her in caring for and training a ferocious animal, or to supervise her work as a painter or carpenter on a high scaffold, would any one question the negligence of the mother in taking the child with her into the conveyance or the cage, or upon the scaffold? These hypothetical cases may be thought to differ in degree from the one before us, but in principle they are the same. The automobile when properly constructed and managed is a vehicle of great usefulness and reasonable safety; but the Court of

Appeals has indicated its view that when the vehicle's construction is faulty, or its management incompetent, it becomes a menace, and an instrument of danger and of death. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382.) And again, if the mother knew that the grandmother was so intoxicated as not to be a safe driver, instead of incompetent, as was known and as was shown in the evidence here, it would be scarcely disputed that she would be guilty of contributory negligence in subjecting the little boy to the evident risk of injury.

It has been suggested that the child could recover here if his mother could; but I find it difficult to follow that theory through to the end, even if that question were present in this case. A father might not be negligent, in standing on tracks, in the performance of his duty in a railroad yard where he was employed, and might be able to recover for the negligent moving of a train that injured him; but if he allowed his child of two and one-half years to play on the tracks, where cars and engines were running back and forth, it is altogether probable that the father's negligence would be imputed to the child, and defeat a recovery. And when it shall become necessary to determine the right of one who undertakes to serve as the supervisor of a learner, to recover for injury due solely to the incompetence of the one supervised, an interesting question will arise; but it is not here. Neither are we called upon in this case to distinguish between the mother's duties as supervisor of a learner, and her duties as custodian. (*Kupchinsky* v. *Vacuum Oil Co.*, 238 App. Div. 457.) Because here the mother voluntarily placed the child in a position of known danger, quite beyond her power to afford protection, as the accident shows; and she did this when the management of the vehicle was turned over to incompetent hands. In doing this the mother was negligent, and her negligence must be imputed to the plaintiff. The judgment should be reversed, and the complaint dismissed.

Judgment affirmed, with costs.