Rapallo, J.
 

 The absence of proof of special pecuniary
 
 *321
 
 damage to the next of kin resulting from the death of the child would not have justified the court in nonsuiting the plaintiff, or in directing the jury to find only nominal damages. It was within the province of the jury, who had before them the parents, their position in life, the occupation of the father, and the age and sex of the child, to form an estimate of the damages with reference to the pecuniary injury, present or prospective, resulting to the next of kin. Except in very rare instances, it would be impracticable to furnish direct evidence of any specific loss occasioned by the death of a child of such tender years; and to hold that, without such proof, the plaintiff could not recover, would, in effect, render the statute nugatory in most cases of this description. It cannot be said, as matter of law, that there is no pecuniary damage in such a case, or that the expense of maintaining and educating the child would necessarily exceed any pecuniary advantage which the parents could have derived from his services had he lived. These calculations are for the jury, and any evidence on the subject, beyond the age and sex of the child, the circumstances and condition in life of the parents, or other facts existing at the time of the death or trial, would necessarily be speculative and hypothetical, and would not aid the jury in arriving at a conclusion. It has been held by this court, in several similar cases, that the statute does not limit the recovery to the actual pecuniary loss proved on the trial.
 
 (Oldfield
 
 v.
 
 The N. Y. and Harlem R. R. Co.,
 
 14 N. Y., 310, 319;
 
 O’ Mara
 
 v.
 
 Hudson River R. R.,
 
 38 id., 445, 450.)
 

 The amount of the damages could have been reviewed in the court below, but cannot here. The only question that can be considered here is, whether any, or more than nominal, damages were recoverable.
 

 There was abundant evidence on the question of the defendant’s negligence to require the submission of that branch of the case to the jury; and the only remaining question arising on the motion for a nonsuit is, whether the evidence showed such negligence on the part of the mother of the deceased as to preclude a recovery in this action. The alleged negligence
 
 *322
 
 of the mother consisted in sending the deceased, aged three years and two months, across the avenue, through which the railroad ran, in charge of his sister, who was of the age of nine and a half years.
 

 It was not established by the evidence that the disaster was attributable in any degree to negligence or incompetence on the part of the sister. According to the evidence of several of the witnesses, the deceased fell upon the track at a sufficient distance in front of the car to have enabled her to extricate him had the driver been observant of what was passing and slackened his speed, and there was no request to submit to the jury the question whether the sister was negligent. The defendant relied wholly upon the proposition that the sending of the child across the avenue and track unattended except by another child so young as the attendant in this case was proved to be, was negligence
 
 per se.
 

 We are of opinion that the refusal so to charge was not error, and that the judge properly left it to the jury to say whether it was negligent “to permit the little daughter between nine and ten years of age to take the little boy to the drug store in the way she started to go.” The competency ■of the little girl to act as attendant of the deceased, was matter of judgment. There is no positive law by which it. can be determined. She was not of such an extremely tender age as to place it beyond a doubt that she was incompetent, and therefore it was proper to leave the question to the jury. See
 
 Mangam
 
 v.
 
 Brooklyn R. R. Co.
 
 (38 N. Y., 455, 459), and
 
 Drew
 
 v.
 
 Sixth Ave. R. R. Co.
 
 (26 N. Y., 49), where it was held not as a matter of law negligent in a parent to send a child of the age of eight years to school without an attendant. The third and fourth requests to charge were fully covered by the charge as given and the refusal of the judge was to charge otherwise than he had already charged. He had fully presented and submitted to the jury the questions of the negligence of the defendant and of the negligence of the parents of the deceased, and the grounds upon which negligence was sought to be imputed to them, and had instructed
 
 *323
 
 the jury that if they found either of those questions in favor of the defendant, they must render a verdict for the defendant. A refusal to repeat these instructions was not error.
 

 The first request to charge, viz., that to entitle the plaintiff to recover, the jury must be convinced by the proofs that the deceased was guilty of no negligence which contributed to the injury, and also that the defendant was guilty of such negligence, was properly refused. This request related to the personal conduct of the deceased child. The controversy on the trial was as to the alleged negligence of the parents. If the child exercised proper care, and the injury was caused wholly by the negligence of the driver, the defendant was clearly liable without regard to the question whether it was negligent in the parents to let the child go out as it did.
 
 (McMahon
 
 v.
 
 The
 
 Mayor, 33 N. Y. R., 647.) In the ease supposed, the negligence of the parents, if it existed, would have been too remote to be regarded as contributing to the injury. But if the parents, or the attendant of the child were guilty of no negligence, and the defendant was, want of care or personal negligence on the part of the child would not, under the circumstances of this case, absolve the defendant from liability. The child was only three years and two months old, and clearly within the adjudged cases in which infants have been held not
 
 sui juris
 
 or responsible for their own conduct, but only through their custodians; and this incapacity was obvious, and apparent to the driver. All the cases in which the negligence of parents or custodians of infants not
 
 sui juris
 
 is held to preclude a recovery by such infants or their representatives, necessarily assume that the conduct of the infant was such as would, in the case of a person
 
 sui
 
 juris, have amounted to contributory negligence, and hold that the negligence of the parent or custodian, but not the personal conduct of the infant constitutes the bar. The law in such cases makes the infant responsible through others.
 
 (Hartfield
 
 v. Royer, 21 Wend., 615, 619.) The conduct of the infant may have an important bearing on the question of the defendant’s negligence, but when the lat
 
 *324
 
 ter is clearly negligent, contributory personal negligence on the part of an infant obviously not
 
 sui juris
 
 cannot be alleged, unless negligence on the part of his guardian or custodian has brought about the situation, or in some manner contributed to the injury.
 
 (Mangam
 
 v.
 
 Brooklyn R. R.
 
 Co., 38
 
 N.
 
 Y., 460, 461.)
 

 This element was not embraced in the request, and it would, therefore, have been erroneous to charge it in the form in which it was made.
 

 If the child had been old enough to be regarded as
 
 sui jwris,
 
 then his negligence would have been a bar without reference to that of his parents.
 

 The only exception to the charge was to the instruction, that when the driver saw the children, half a block off, his duty was to keep watch of them to prevent running over them. The judge afterwards modified this by stating that it was for the jury to say how far it was the duty of the driver to have kept watch of them, and whether his not doing so was negligence. We do not think the instruction as thus modified erroneous.
 

 The judgment should be affirmed, with costs.
 

 All concur, except Allee, J., not sitting.
 

 Judgment affirmed.