By the Court.—Sedgwick, J.
On the argument it was not contended that the defendant was not liable for any other reason than that the plaintiff’s case failed on the point of contributory negligence. The appellant’s counsel took the single ground, that the question as to negligence on the part of plaintiff, was for the jury and not for the court. He declined to discuss that question, because it was' no more a question for the court on appeal, than for the court on the trial, and the claim was that the plaintiff had been denied a trial by jury, and had been compelled to submit his cause of action to the decision of a single judge.
If the counsel meant to insist that if the evidence in this case was undisputed and the inference from that evidence uudisputable, still it must go to the jury on the question of the existence of contributory negligence, we can not agree with him. In such a case, the duty of the jury would be to find in a certain way, as matter of law, and therefore the court can pronounce the law without going through the form of taking a verdict on the point. Beyond this, the plaintiff must, to make a prima facie case, show that the injury was not caused partly by negligence, with which she is chargeable. If there is an entire want of proof, direct or circumstantial, as to the care she used, the complaint should be dimissed (Warner v. The N. Y. Central R. R. Co., 44 N. Y. 465).
If the counsel, however, argued that the facts of the present case did not call indisputably for the conclusion that the plaintiff had failed to show that she was not in fault, it is necessary to examine the evidence. There was ho doubt that the child was non sui juris, and, therefore, that no fault or want of care, on the part of her personally, would relieve the defendant from responsibility. The defendant must respond unless the father was guilty of fault or negligence in permitting the child to go, or rather sending the child *351 to the place where she tripped and fell. It is not the case of letting the child go to the highway to meet whatever may happen, but the actual risks were seen and known by the father.
The child being non sui juris, her qualities are fixed by law and to be learned from it. She was incapable of self-control and personal protection (Mangam v. Brooklyn R. R. Co., 38 N. Y. 459). She could not personally exercise that degree of care which becomes instinctive at an advanced age (Hartfield v. Rope, 21 W. R. 618). This want of discretion and this incapacity were obvious to the father (Ihl v. Forty-second street R. R. Co., 47 N. Y. 323).
The conclusion seems direct, that, if the father sent the child, who was incapable of self-control and of using discretion, to a set of circumstances that called for the exercise of self-control and discretion, he was in fault. These circumstances were that the child had to pass an open area, along the street, and up a step at the end of the area. If she tripped and fell towards and into the area, there was great likelihood of serious injury. These facts suggest to me, that common prudence calls for the use of discretion in walking along such a danger, and that it is ordinarily used. It may be instinctively and oftentimes it is consciously used. Everyone when passing such a place, walks with more than usual care, to prevent accident from tripping or loss of balance. Especially on going up a step (for all steps are not of uniform height and width) is an educated discretion used, as to how far. the foot should be raised and where it should be placed. As the place called for the exercise of discretion, the father was chargeable with neglect in sending to it the child incapable of exercising discretion.
This result would not have called for the dismissal of the complaint, if the child in going, as matter of fact, did what a person of ordinary prudence would have *352 done. Then the injury would be solely caused by the negligence of the defendant. According to Warner v. The N. Y. Central R. R. Co. (ubi supra), this must be shown by direct evidence, or by inference from the facts. In the present case, the testimony did not disclose the facts, from which an inference could be drawn as to whether the child at the time was careful or the reverse. The father saw her trip and fall, but there was no proof as to the cause of the tripping. There was no evidence as to the condition of the pavement, or whether there was anything lying upon the pavement. If the tripping was occasioned by something external to the child, it was consistent with the facts that ordinary prudence could have avoided it, or that the child was taking a hazardous course. If it were not external to the child, but because of her childish weakness in body or mind, that would not show that in fact she was free from fault, but would be a reason for deeming the father negligent in sending her near to such danger.
On the whole case, the child being non sui juris, and the father being negligent, the order appealed from should be affirmed, with costs.
Speir, J., concurred.