By the Court.—Sanford, J.
The rules of law *49 applicable to cases of this description, have been so well settled, by a long series of adjudications, that there scarcely seems room for misapprehension or discussion with respect them. To warrant a recovery, the injury or death complained of must have resulted solely from the wrongful act, neglect, or default of the defendant, and it must affirmatively appear that the person injured or killed was free from negligence contributing to the injury.
In the present case, it does not appear to be seriously contended that there was any error in submitting to the jury the question of defendant’s negligence, even with the very decided intimation as to the opinion of the court upon that subject. It is, however, strenuously insisted, that not only did the plaintiff fail to exonerate his inte°state from the charge of contributory negligence, but that the evidence adduced on his part so clearly established the fact that her own incaution or rashness occasioned the injuries which resulted in her death, that the court should have withdrawn the question altogether from the jury, and should have determined the case in favor of the defendants by dismissing the complaint.
While it is essential that the absence of negligence contributing to the injury should be made to appear affirmatively, on the part of the claimant, it is not always easy to establish that negative fact or conclusion by direct and positive testimony, and it is particularly difficult, and at times impossible, to do so, in cases where the injury has resulted in death. The mouth of the injured party is, in such case, closed, and resort must therefore, of necessity, be had to the next best evidence attainable, which often consists in the •circumstances of the case, and in the presumptions and inferences, which may justly arise or be derived therefrom. The absence of contributory negligence may be made to appear from such circumstances, as well as *50 from evidence directly establishing the fact, and it may be assumed, in weighing those circumstances, that all creatures are desirous of preserving their lives, and keeping their bodies from harm (Morrison v. N. Y. C. R. R. Co., 63 N. Y. 643). The evidence showed that the deceased had enjoyed excellent health, previously to the accident, that she had no physical difficulty, that her eyesight was not defective, and that, in attempting to pass over the trench, upon the cross-walk which traversed it, she but followed the example of thousands of other people who preceded her. These facts tend to show that in her endeavor to effect the passage, she was guilty of no negligence. She did nothing but what other people, similarly situated, were accustomed to do. The law required of her ordinary care, and she had the right to presume, that, in the absence of any barrier or other intimation of insecurity, the cross-walk, ordinarily used, and then in actual use by multitudes, would afford her the means of safe transit, without a resort to any extraordinary precaution. The piles of dirt which lined the excavation on either side were quite as likely to screen as to indicate the impending peril, and the probability is that she found herself in a precarious and critical position before she had reason to anticipate its difficulties and dangers. The vigilance and caution to be exercised in avoiding disaster should not necessarily be commensurate with the danger that is imminent, but with the danger that is to be apprehended ; and the necessity for the circumspection is qualified by the absence of those indications of peril which usually precede or attend the approaches of harm.
The observations contained in the opinion of the court in the case of Thurber v. Harlem B. M. & F. R. R. Co., 60 N. Y. 326, in reference to the granting of non-suits in actions for negligence, are in my judgment peculiarly applicable to the present case, and *51 should control its decision. “ It is not enough,” say the court, “to authorize a non-suit, that there is evidence which would have warranted the jury in finding that the plaintiff was negligent, and that his negligence contributed to the injury. The question of negligence depends very much upon circumstances, and is addressed to the judgment of men of ordinary prudence and discretion, and is ordinarily for the jury. When the inferences to be drawn from the proof are not certain and incontrovertible, it cannot be decided as a question of law by directing a verdict or non-suit, but must be submitted to the jury.” In this case, I think it would have been error for the court to decide, as matter of law, that the attempt to cross the street, under the circumstances, was an act of negligence, and I am even of opinion that the evidence tends so decidedly the conclusion that there was no negligence on the part of the plaintiff’s intestate, as to justify a direction to find for the plaintiff had such direction been given. The submission of the question to the jiiry, in view of the possibility that men of ordinary prudence and discretion might perhaps differ as to the character of the act, under the circumstances of the case, was a concession to the defendants, which should be the occasion rather of congratulation than complaint on their part. It does not lie with them to impute legal error to a judge who has accorded to them a larger liberality than that to which they were entitled. The motion for non-suit was properly denied. The case was submitted to the jury upon proper instructions as to the law, and the verdict is not only not against but is amply sustained by the weight of the evidence. It is no objection to the charge that the judge omitted to define for the instruction of the jury the term, “ ordinary care.” The rule as laid down in that regard was correct. If the defendants desired more precise instructions upon the point, or a technical *52 definition, they should' have preferred a specific request to that purport.
The evidence of “pecuniary injury resulting from such death to the husband and next of kin,” was quite sufficient to sustain the recovery. The statute does not limit the recovery to the actual pecuniary loss proved on the trial (Ihl v. Forty-Second St. and Grand St. Ferry R. R. Co., 47 N. Y. 317, and cases cited). Very slight evidence of pecuniary injury or loss is sufficient to warrant the submission of the case to the jury, who are thereupon to award “such damages as they shall deem a fair and just compensation therefor.” If they are satisfied that pecuniary injuries resulted, they are at liberty, within the statutory limitation, to fix the compensation therefor according to their sense of justice and right.
The statute (Laws of 1870, ch. 78) expressly directs that “the damages recovered in any such action shall draw interest from the time of the death of such deceased person, and that such interest shall be added to the verdict and inserted in the entry of judgment.” This provision is impugned as ultra vires on the part of the legislature, and contrary to organic law. We are not referred to any particular clause of the constitution which is supposed to be invaded by the enactment, and we perceive no reason why it should not be competent for the legislature to direct the allowance of interest on the damages awarded, as well from the date of the death of the deceased, as from that of the rendition of the verdict. The law has long allowed interest on verdicts to be computed by the clerk, added to the costs of the party entitled thereto, and inserted in the entry of judgment {Code of Pro. § 310). So far as we are aware, no objection on constitutional grounds has ever been urged against this provision of law, nor would any such objection, in our opinion, be tenable. The direction contained in the statute now under con *53 sideration is analogous, and is not obnoxious to criticism as in conflict with the constitution.
The extra allowance was authorized by law, and the discretion exercised by the learned judge who presided at the trial, in fixing its amount, cannot properly be questioned.
The judgment and orders appealed from should be affirmed, with costs.
Curtis, Ch. J., concurred.