MICHAEL GORHAM, AS ADMINISTRATOR, ETC., APPELLANT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, RESPONDENT.

*Action for the negligent killing of a child—when special pecuniary damages therefrom need not be proved.*

In an action, brought by a father, as the administrator of his deceased child, a healthy boy of about six years of age, to recover damages occasioned by his having been killed through the defendant's negligence, the absence of proof of any special pecuniary damage resulting from his death will not justify the court in nonsuiting the plaintiff, or in directing the jury to find a verdict for nominal damages only.

APPEAL from a judgment, entered upon a verdict for six cents damages directed in favor of the plaintiff, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The plaintiff sues as administrator of his infant son Willie, who was killed in the town of Geddes, February 26, 1879, at about eight o'clock in the morning at a railway crossing over a highway, by an engine belonging to and operated by the defendant.

"At the time of his death the boy was six and a-half years old and was quite healthy." His mother, who lived in the "Union Salt Yard," about thirty yards from the crossing where the boy was killed, testified "that she saw the boy about five minutes before he

was killed, and that he left the house, as she understood, to go to school. The school-house was only a little ways from the crossing. In going to school he had to go across the railroad and canal both. They could not get there any other way." There was another son of the plaintiff who went with Willie, who was about ten years of age. Both of the boys had lived at the place where the accident occurred for two years. At the time of the accident a freight train was going east and the single engine west, the latter caused the death of the intestate.

Gronon, a German witness, gave evidence tending to show that the bell on the single engine did not ring, and that its whistle did not sound, and that he heard the freight train whistle. He also testified he could not say whether the boys were standing "between the two tracks * * * or on the track." The defendant at the close of the evidence moved for a nonsuit upon the three following grounds, viz.: "First. That no negligence was shown on the part of the defendant. Second. That the negligence of the plaintiff and his intestate contributed to the injury. Third. There is no evidence showing the plaintiff's intestate free from negligence." Thereupon the court remarked, viz: "That point seems to be positive, and I think I will submit the case to the jury, with a very strong opinion on my part *that the plaintiff ought to be nonsuited.*" The plaintiff took an exception to the suggestion of the court that the plaintiff ought to be nonsuited.

Subsequently the court, upon the authority of the *Mitchell Case,* in 2 Hun, told the clerk to enter a verdict of six cents damages for the plaintiff, and the plaintiff took an exception to the direction; and the court then took a verdict of the jury of six cents damages, and subsequently denied a motion, made upon the minutes by the plaintiff, to set aside the verdict.

*Sedgwick, Ames & King,* for the appellant.

*Kennedy & Tracy,* for the respondent.

HARDIN, J.:

We understand from the case that the court directed a verdict for nominal damages of six cents because no direct proof was given

as to the pecuniary loss sustained by the death of the intestate. The court's attention was directed to the opinion of BOCKES, J., in *Mitchell* v. *The N. Y. Central* (2 Hun, 535). That case was affirmed by the Court of Appeals, and it is reported as a memorandum case in 64 N. Y., 655. We have been furnished with the whole opinion of EARL, J., delivered in that case, and find the question here involved was not discussed or alluded to by him. But the point was determined by that court in *Ihl* v. *Forty-second Street Railroad* (47 N. Y., 317). It was there held in an action to recover damages for the death of a child three years old, under the provision of chapter 450, Laws of 1847, as amended by chapter 256 of Laws of 1849, that the absence of proof of special pecuniary damage resulting from the death of the child *will not* justify the court in nonsuiting the plaintiff, or in directing the jury to find only nominal damages. (See opinion RAPPALO, J.)

The ruling in this case was therefore clearly erroneous. Notwithstanding the error we have pointed out, the learned counsel for the respondent insists that the judgment should be affirmed, as the plaintiff recovered more than he was entitled to, and this position would be correct if we were of the opinion that the plaintiff was not entitled to recover any damages. (*John Gray* v. *The Second Avenue Railroad Company*, 65 N. Y., 561.) We cannot say, as a matter of law, that it was negligent in the parents of the intestate to allow the deceased to go to school across the railroad in company with his brother about ten years of age. Nor can we say, as a matter of law, that the deceased was guilty of such contributory negligence as would bar a recovery. (*Ihl* v. *Forty-second Street Railroad Company*, *supra*; *Costello* v. *The Syracuse and Binghamton Company*, 65 Barb., 92.)

Those questions should have been submitted to the jury with the question relating to the defendant's alleged negligence. (*Kenyon* v. *The N. Y. Central, etc.*, 5 Hun, 480; *Zimmer* v. *The N. Y. Central R. R. Co.*, 7 id., 552; *McGovern* v. *The N. Y. Central etc., Railroad Company*, 67 N. Y., 417; *Powell* v. *The New York Central and Hudson River Railroad Co.*, opinion of GILBERT, J., 10 Weekly Dig., 505; S. C., 22 Hun, 56.)

We must, for the error pointed out (*supra*), reverse the judgment and order, and direct a new trial.

The judgment and order should be reversed and a new trial ordered, with costs to abide the event.

TALCOTT, P. J., and RUMSEY, J., concurred.

Judgment and order reversed and new trial ordered, costs to abide the event.