CHRISTINA CIARAMELLA, an Infant by SABATINO CIARAMELLA, Her Guardian ad Litem, Appellant, *v.* JOSEPH ORR, Respondent.

Fourth Department, March 24, 1926.

Motor vehicles — action for injuries suffered by plaintiff, girl five years old, when she was struck by defendant's automobile truck — plaintiff was playing on grass by side of dirt highway — testimony shows that motor truck was proceeding fast over rutty road — error to dismiss complaint at close of plaintiff's case on ground that plaintiff had no right to be where she was and that negligence had not been shown on defendant's part.

In an action to recover damages for injuries suffered by the plaintiff, a girl about five years of age, it was error for the court to dismiss the complaint at the close of plaintiff's case on the ground that plaintiff did not have any right to be where she was, and that the evidence did not show negligence on the part of the defendant, since it appears that the place of the accident was on a dirt road which was in a rutty condition; that the plaintiff and her older brother were playing in a field and just before the accident happened the plaintiff went through the fence and was playing on the grass at the roadside when the defendant's motor

truck driven by his wife passed over the road at a fast rate and apparently, as it reached the point where the plaintiff was playing, jumped the ruts in which it was traveling and struck the plaintiff.

It cannot be held, as a matter of law, that the plaintiff did not have any business on the roadside, the road not being burdened with heavy traffic, and furthermore, under the circumstances, the plaintiff's parents are not chargeable with negligence, as a matter of law, by permitting her to play along the roadside.

Under the evidence by the plaintiff, the jury could have found that the accident was caused by the negligence of the driver of the motor truck in operating it improperly at an excessive rate of speed, and the court should have left to the jury the question as to the defendant's negligence. Under the circumstances disclosed in the plaintiff's evidence, the defendant was called upon to explain how the accident occurred.

APPEAL by the plaintiff, Christina Ciaramella, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 30th day of January, 1926, upon the dismissal of the complaint at the close of the plaintiff's case.

*Humbert J. Ubertini* [*A. Fairfax Montague* of counsel], for the appellant.

*Oscar J. Brown,* for the respondent.

CLARK, J. This is an action for damages for personal injuries. The accident occurred about five o'clock in the afternoon of July 27, 1925. Plaintiff, a little girl about five years of age, was playing on the grass about three feet from the beaten track of a rutty, unimproved country highway. The little girl lived with her parents, and was one of eight children. Just a short time prior to the accident she had been playing in one of her father's fields near the highway fence which ran along what is called "Smokey Hollow" road. Then the little girl went through the fence to play on the grass between the fence and the beaten track of the highway. Her little brother, eleven years old, was with her and a few feet distant inside the fence. Plaintiff had been playing on this grass plot a few minutes when a Ford truck driven by defendant's wife, with his knowledge and consent, came along this road going in an easterly direction, and as it reached a point opposite where plaintiff was playing it jumped out of the ruts and hit her, causing the serious injuries complained of.

The evidence on the part of plaintiff was that after the accident defendant's wife looked back, and then started her truck again, proceeding in the direction of Baldwinsville.

The only witness sworn who saw the accident, testified that as the truck approached the point where plaintiff was playing it was going "pretty fast."

At the close of plaintiff's evidence defendant's motion for a nonsuit was granted, the court holding that the little girl had no business playing on this grass plot in the highway, and that negligence of the defendant had not been established.

I think that the circumstances leading up to this accident, as testified to by plaintiff's witnesses, called on the defendant to explain how the accident occurred, and that it was error to dismiss plaintiff's complaint.

I do not agree with the learned trial court in his statement that the plaintiff had no business in the highway. Her brother, eleven years old, was with her, and was evidently her custodian for the time being. Although she had gotten outside of the fence from the field where he was standing, she was only in the highway a short time playing in the grass and this country road, from the appearance of an exhibit received in the case, was not burdened with very heavy traffic.

The child was *non sui juris*, but under the circumstances the parents could not be charged with negligence as a matter of law, for it does not necessarily follow that the custodians of a child are negligent by permitting it to play in the street. (*Ihl* v. *42nd Street & G. St. Ferry R. R. Co.*, 47 N. Y. 317; *McGarry* v. *Loomis*, 63 id. 104; *Ryczko* v. *Klenotich*, 204 App. Div. 693; *Regan* v. *International R. Co.*, 205 id. 425; *Goldberg* v. *Graham*, 146 id. 501.)

Plaintiff having been nonsuited, she is entitled to the most favorable inferences deducible from the evidence. (*Janvey* v. *Loketz*, 122 App. Div. 411.)

Under the evidence here, unexplained, the jury could have found that this accident was caused by the negligence of the driver of the truck in operating it improperly and at an excessive rate of speed, and the inferences to be drawn from the evidence should have been drawn by the jury, and not by the court. (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622.)

In *Chisholm* v. *State of New York* (141 N. Y. 246) it is said: " If different conclusions can be drawn from these circumstances it is a question for the jury." (Also to the same effect *Donnelly* v. *Piercy Contracting Co.*, 222 N. Y. 210; *Mabs* v. *Park & Tilford*, 200 App. Div. 75; *Swistak* v. *Erie R. R. Co.*, 208 id. 553.)

Under the circumstances as disclosed by the evidence I think an explanation of how the accident occurred should have been required of defendant, and then upon all of the evidence it was for the jury to say whether or not the parents of the infant plaintiff were guilty of contributory negligence which was imputable to her, and whether or not the defendant was guilty of negligence in the operation of his motor truck.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., DAVIS, SEARS and CROUCH, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.