FANNY KUPCHINSKY, as Administratrix of the Estate of GLORIA KUPCHINSKY, Deceased, Respondent, v. VACUUM OIL COMPANY, Appellant, Impleaded with Another.

(Argued October 25, 1933; decided November 28, 1933.)

*Bertrand L. Pettigrew* for appellant. The deceased infant being *non sui juris,* and having been intrusted by

her parents to the custody of her uncle, was chargeable with the negligence of the custodian. (*Ihl* v. *42nd St. R. R. Co.*, 47 N. Y. 317; *Wallace* v. *Casey Co.*, 132 App. Div. 35; *Hennessey* v. *Brooklyn City R. R. Co.*, 6 App. Div. 206; *Hartfield* v. *Roper*, 21 Wend. 615; *Thurber* v. *Harlem B., M. & F. R. R. Co.*, 60 N. Y. 326; *Doran* v. *City of Troy*, 22 N. Y. Wkly. Dig. 230; 104 N. Y. 684; *Camardo* v. *New York State Rys.*, 247 N. Y. 111; *Holly* v. *Boston Gas-Light Co.*, 74 Mass. 123; *Casey* v. *Smith*, 152 Mass. 294; *Waite* v. *Northeastern Ry. Co.*, 120 Eng. Rep. 679; *Leslie* v. *Lewiston*, 62 Me. 468.)

*Robert X. Kuzmier* and *Richard C. Cotter* for respondent. The negligence of the defendant driver was not imputable to the deceased infant. (*Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253; *Hennessey* v. *Brooklyn City R. R. Co.*, 6 App. Div. 206; *Lewin* v. *Lehigh Valley R. R. Co.*, 52 App. Div. 69; *Regan* v. *International Ry. Co.*, 205 App. Div. 425; *Zarzana* v. *Neve Drug Co.*, 180 Cal. 32.)

O'BRIEN, J. Plaintiff's intestate, a child nearly three years of age, was killed in a collision between motor vehicles driven by defendant Lesser and an employee of defendant Vacuum Oil Company. With her mother's consent the child was riding on the seat of a truck beside her brother, eleven years of age, and their uncle, Lesser, twenty-one years old, one of the drivers who was held to be negligent. Recovery was had against both defendants. No appeal is taken from the judgment in favor of the boy, who also was injured, but defendant Vacuum Oil Company appeals from the judgment for the death of the girl and raises the point that the negligence of Lesser, her custodian, must be imputed to this infant, who was *non sui juris*.

Strong support for appellant's argument is to be found in other jurisdictions (*Delaware, L. & W. R. R. Co.* v.

*Devore*, 114 Fed. Rep. 155; *Holly* v. *Boston Gas Light Co.*, 74 Mass. 123; *Casey* v. *Smith*, 152 Mass. 294; *Gallagher* v. *Johnson*, 237 Mass. 455; *Leslie* v. *City of Lewiston*, 62 Me. 468; *Waite* v. *N. E. Ry.*, 120 Eng. Rep. [Full Reprint] 679, 682 [El. Bl. & El. 728]), and in decisions by the trial and intermediate courts of this State, of which *Metcalfe* v. *Rochester Ry. Co.* (12 App. Div. 147) is an example, but the law which we accept is such as is declared by Mr. Justice CULLEN in this excerpt from his opinion in *Hennessey* v. *Brooklyn City R. R. Co.* (6 App. Div. 206, 208), a case in which a baby was injured while held by its mother on the seat of a carriage beside its father who was guilty of negligence in driving: " The general rule, well settled by authority, is that in the case of an infant *non sui juris*, the negligence of his custodians, whether parents or persons to whose care the child has been intrusted, is to be imputed to the child. (*Hartfield* v. *Roper*, 21 Wend. 615; *Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y. 456.) But it is equally settled law that to make this rule applicable the infant must have done something which in the case of an adult would have constituted negligence. (*Ihl* v. *Forty-second Street, etc., R. R. Co.*, 47 N. Y. 317; *Cumming* v. *Brooklyn City R. R. Co.*, 104 id. 669.) " In the *Cumming* case (104 N. Y. 669, 671) Judge PECKHAM wrote that the negligence of a mother in allowing her child *non sui juris* to go alone upon a city street " is entirely immaterial if the child herself was guilty of none," and cited the *Ihl* case as authority. In *McGarry* v. *Loomis* (63 N. Y. 104, 107) this court through Chief Judge CHURCH had stated this rule: " If a child, though *non sui juris*, has not committed or omitted an act which would constitute contributory negligence in a person of years of discretion, an injury by the negligence of another cannot be defended upon the alleged negligence of the parents (47 N. Y. 317)." The decision in *Doran* v. *City of Troy* (104 N. Y. 684), rendered without opinion by this court, and the opinion in *Lewin* v. *Lehigh Valley*

*R. R. Co.* (165 N. Y. 667) are indecisive concerning this point. If *Morrison* v. *Erie Ry. Co.* (56 N. Y. 302) be deemed to rest upon a contrary doctrine, it must be considered as overruled by the later cases.

Applying the rule as stated in the *Ihl, McGarry, Cumming* and *Hennessey* cases, the burden rested upon defendants in this death case to produce evidence tending to show acts or omissions by the infant which if attributed to an adult would constitute contributory negligence. No effort is made to prove that this infant, in any way different from her brother who sat beside her, or any other mature passenger who might have been in the truck, could have done anything to avert the injury to herself or that in any way she brought it to pass. This infant's legal status is the same as would be that of any other passenger who was rightfully on the truck. (*McGarry* v. *Loomis, supra.*)

The judgment should be affirmed with costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.