JAMES W. JOHNSTON, Respondent, v. THE MURALO COMPANY, INC., Appellant. — Judgment and order affirmed, with costs. All concur.

THERESA WISNIEWSKI and Another, Respondents, v. FRANCIS P. O'CONNOR, Appellant.— Judgment reversed on the facts and new trial granted, with costs to the appellant to abide the event; on the ground that the finding of negligence on the part of defendant and finding of contributory negligence on the part of the plaintiff Theresa Wisniewski, are against the weight of the evidence. All concur.

ESTHER TROTT, Respondent, v. HYMAN J. TROTSKY and Others, Appellants.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $3,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified is, together with the order, affirmed, without costs of this appeal to either party. All concur.

EMMA E. LEE, Respondent, v. WILLIAM A. FLEMING, and Another, Doing Business under the Assumed Name of HILLHURST RIDING ACADEMY, Appellants.— Judgment and order affirmed, with costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN EDGEWORTH, Appellant.— Judgment of conviction affirmed. All concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE THOMAS, Appellant.— Judgment of conviction affirmed. All concur.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, v. SANFORD REAL ESTATE CORPORATION and Others, Defendants. CHARLES D. BROWN, Appellant.— Order so far as appealed from affirmed, with ten dollars costs and disbursements. All concur.

PAUL KIELICH, an Infant, by JOHN KIELICH, His Guardian ad Litem, Respondent, v. WILLIAM HENGERER COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur, except Lewis, J., who dissents and votes for reversal on the law and for a new trial on the ground that the infant plaintiff, who was concededly *non sui juris*, was guilty of such conduct as would have constituted negligence as a matter of law had he been an adult and that he failed to sustain the requisite burden of proof that his custodian was free from contributory negligence under the ruling in *Kupchinsky* v. *Vacuum Oil Co.* (263 N. Y. 128).

JOHN KIELICH, Respondent, v. WILLIAM HENGERER COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur, except Lewis, J., who dissents and votes for reversal on the law and for a new trial on the ground that the infant plaintiff, who was concededly *non sui juris*, was guilty of such conduct as would have constituted negligence as a matter of law had he been an adult and that he failed to sustain the requisite burden of proof that his custodian was free from contributory negligence under the ruling in *Kupchinsky* v. *Vacuum Oil Co.* (263 N. Y. 128).

ISABEL BARTER, Respondent, v. FORREST E. BARTER, Appellant.— Order reversed and motion granted striking from the amended complaint, because violative of rule 280 of the Rules of Civil Practice, paragraphs numbered 5, 6, 7 8, 9 and 10, and motion for a bill of particulars denied, with leave to serve a further amended complaint within twenty days. All concur.