JANE E. MESSICK, an infant by her next friend, Jane Messick, v. DELAWARE ELECTRIC POWER CO., a corporation of the State of Delaware.

(NOVEMBER 26, 1934.)

RODNEY, J., sitting.

*Hoffman & Hoffman* for plaintiff.

*Ward & Gray* for defendant.

Superior Court for New Castle County, No. 55, May Term, 1934.

RODNEY, J., delivering the opinion of the Court:

The precise question for my determination is whether a child ten years of age is barred from a recovery for personal injuries sustained in a collision between an automobile and a trolley car where the child was riding with her mother in the automobile, owned by the mother and driven by an agent or servant of the mother, on the mother's business, where the driver is guilty of negligence. In short, the question is whether the negligence of the driver, imputed as it is to the mother, is also imputed to the child then and there in the care of the mother.

I do not propose to enter upon an extended discussion of the principle of imputing the negligence of a parent or custodian to a child in an action by or on behalf of the child for personal injury. An overwhelming majority of the cases and all of the text books, so far as I have seen, deny that the negligence of the parent should be imputed to the child when the suit is for the benefit of the child. The authorities are collected in 45 *C. J.* 1022, 20 *R. C. L.* 152, *et seq.;* 15 *A. L. R.* 414.

A few jurisdictions are said to still maintain the principle that the negligence of the parent or guardian is imputed to the child, which was first announced in *Hartfield v. Roper* (1839), 21 *Wend.* (*N. Y.*) 615, 34 *Am. Dec.* 273. These jurisdictions are said to be England, Maine, Maryland, Massachusetts, New York and Delaware. It is certain that some jurisdictions, like California and Indiana, which once approved the doctrine have long since repudiated it.

I shall not pause to inquire if the doctrine has full support now in any jurisdiction. I shall merely point out that in England the authority of *Waite v. North Eastern Ry. Co., El., B. & El.*, 719, 728, 120 *Eng. Rep.* 679-682, the leading case sustaining the doctrine of imputation of the parents' or guardian's negligence to the child or, as it was there styled, the "identification" of the parent and infant has been entirely destroyed by *Oliver v. Birmingham and Midland Motor Omnibus Co., Ltd.* [1933], 1 *K. B.* 35.

In New York, the birthplace of the doctrine, there may be found in the reports of the trial or intermediate courts almost any variation of the doctrine for which one seeks. The latest authoritative statement (November 28, 1933) is *Kupchinsky v. Vacuum Oil Co.*, 238 *App. Div.* 457, 265 *N. Y. S.* 186, affirmed in 263 *N. Y.* 128, 188 *N. E.* 278. In that case a mother conducted a poultry business. She employed her brother, Lesser, to operate his truck on her business. With the mother's consent her two children, a girl of three years and a boy of eleven years, rode with Lesser, the operator. In an accident caused by the concurrent negligence of the defendant and Lesser, the girl was killed and the boy injured. Actions were brought by the Administratrix of the deceased girl and by the Guardian of the boy and judgments recovered in both actions. The Appellate Division sustained both judgments (238 *App. Div.* 457, 265 *N. Y. S.* 186). The boy of eleven was evidently considered *sui juris* and his judgment not taken to the

Court of Appeals. The girl of three was evidently considered *non sui juris* and as to her case the Court of Appeals (263 *N. Y.* 128, 188 *N. E.* 278) said:

"The law which we accept is such as is declared by Mr. Justice Cullen 'in this excerpt from his opinion in *Hennessey v. Brooklyn City R. R. Co.*, 6 *App. Div.* 206, 208, 39 *N. Y. S.* 805. \* \* \* 'The general rule, well settled by authority, is that in the case of an infant *non sui juris* the negligence of his custodians, whether parents or persons to whose care the child has been entrusted, is to be imputed to the child. \* \* \* But it is equally settled law that to make this rule applicable the infant must have done something which in the case of an adult would have constituted negligence.' \* \* \* The burden rested upon defendants in this death case to produce evidence tending to show acts or omissions by the infant which, if attributed to an adult would constitute contributory negligence. No effort is made to prove that this infant, in any way different from her brother who sat beside her, or any other mature passenger who might have been in the truck, could have done anything to avert the injury to herself or that in any way she brought it to pass. This infant's legal status is the same as would be that of any other passenger who was rightfully on the truck."

It is difficult to conceive that the doctrine of *Hartfield v. Roper* remains in New York in its original vigor or that more than a mere shadow of it is now retained.

The latest authoritative statement, other than an actual reported case, is the American Law Institute's Restatement of the Law of Torts (Negligence). There it is said at *Section* 488:

"A child is not barred from recovery by the contributory negligence of its parents, either in their custody of the child or otherwise."

Delaware is generally listed in the authorities as a jurisdiction holding that the negligence of the parent is imputed to the child in his custody and for this is cited the case of *Kyne v. Wilmington & Northern Ry. Co.*, 8 *Houst.* (13 *Del.*) 185, 14 *A.* 922. That case was determined almost fifty years ago when vehicular transportation was negligible as compared with the present time; the question arose during the hurry of a trial and the opinion was expressed as a charge to the jury. In at least two places

the learned Court expressed regret that it "had not had time to give more consideration to the question." Report of the case is not entirely clear as to the relative positions of the parties, as to whether the negligence of the parent was proximate or contributory or whether or not the negligence of the father, imputed to the child, consisted solely in his manner of driving, but it does seem to hold that the negligence of the father would be imputed to the child.

There seem to be two main classes of cases in which the question of the negligence of the parent as a bar to the child's action has been discussed:

(1) Where the parent was present at the time of the injury and his negligence actually contributed to the accident;

(2) Where the negligence of the parent might be regarded as merely passive, as where he did not exercise sufficient care to keep the child out of danger.

It has been said "with possibly two exceptions the courts of the same jurisdiction have not, in actually deciding cases, imputed negligence in either class when they refused to in the other. The rule quite uniformly is to impute the negligence in both classes or neither." 21 *L. R. A.* 76, *note.* That, however, is the precise situation in Delaware. The *Kyne Case, supra,* will fall into class (1) and the negligence of the parent was imputed to the child. In 1928 was decided *Brown v. Schendelman,* 4 *W. W. Harr.* (34 *Del.*) 50, 143 *A.* 42, 46, which plainly falls into class (2), and the Court refused to allow any negligence of the parent to be imputed to the child.

In *Brown v. Schendelman* the Court said:

"While the Kyne Case is an old case, and the rule declared in the early New York case has been disapproved or modified in many cases since the decision of the Delaware case, we are not inclined to overrule

it. But we think the rule should not be extended beyond the facts of that case or to facts closely analogous thereto."

The facts of the present case are not only "not closely analogous" to those of the *Kyne Case* but bear little, if any, analogy at all. In the *Schendelman Case* the Court said of the *Kyne Case,* "We are not inclined to overrule it." In the present case I prefer to say the facts are so different from the *Kyne Case* that that case is no authority governing the present case and, therefore, it would perhaps not be proper for me to review the correctness of its conclusion or to overrule it.

In the *Kyne Case* the father was present with the child and the father was evidently driving the horse; it was the father's negligence that contributed to the accident and this was the negligence imputed to the child in his immediate care.

In the present case, while the mother was present in the automobile she was not driving; the mother was not guilty of any negligence committed by herself but the negligence of the agent or servant is merely imputed to her. No rule of respondeat superior makes the principal actually guilty of negligence which was in fact committed by the agent. The rule of law merely is that the negligence of the agent is imputed, i. e., "set to the account of" the principal. In the present case there was no negligence of the mother which could be imputed to the child. The negligence of the agent remains as such and while, under certain circumstances, the principal may also be liable for such negligence or, as it is said, the negligence is imputed to such principal yet it is not such a casting of the negligence on the principal that this negligence can, in turn, be imputed to her child in her custody and keeping.

The demurrer to the fifth plea is sustained.