WILLIAM NOVAK, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 29458.)

Court of Claims, October 5, 1950.

*William E. J. Connor* and *James H. Glavin, Jr.,* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Joseph A. Drago* of counsel), for defendant.

LOUNSBERRY, P. J. On August 20, 1929, the claimant, who was then an infant about two years and seven months of age, accompanied his half-brothers, James Kosa, then about eleven and one-half years old, and George Kosa, then about twelve and one-half years old, on an expedition from their home on Strawberry Alley in the city of Hudson, to a location about five blocks away on East Court Street where St. Mary's Church was then under construction. The object was to secure a load of firewood from discarded materials at the construction project, and for the purpose the boys took with them a two-wheeled cart about half the size of a lumber wagon. A substantial load of wood was acquired and the boys then undertook the return trip which led uphill along East Court Street. The older boys pushed the cart along their right-hand side of the concrete pavement, while the claimant trailed some ten or fifteen feet behind. Just before the accident, which is hereinafter described, one of the brothers observed that he was walking along the left-hand side of the road just off the pavement.

At this juncture a State-owned and operated station wagon appeared over a rise ahead of the cart and proceeded downgrade toward the boys. It struck the claimant, who at that moment had one foot on the pavement and the other on the shoulder, and seriously injured him.

It is difficult to avoid the conclusion that the driver was negligent. It was midday and the road ahead, while downgrade, was perfectly straight with a clear view ahead. So far as can be determined from the evidence, there were no nearby trees, shrubs, or other objects from behind which the claimant might suddenly have appeared. There was no other traffic on the road. The distance from the top of the rise to the place of the accident is not clearly shown, but it is apparent from the photographs that it was sufficient to afford the driver time to see the child and at least to attempt some action to avoid striking him. The driver saw the two older boys and the cart, but by his own admission did not see the claimant at all until the very moment of impact when he caught sight of a blur just ahead of the car. He did not realize until afterwards that he had struck a child.

The older brothers assert that the car was traveling between thirty-five and forty miles per hour, while the driver insists that he was operating it at not more than twenty-five miles per hour. Either rate of speed would be in excess of the fifteen mile speed limit of the city of Hudson, but we do not regard that fact as particularly significant. The matter of speed, while of course having some bearing on the issue, is not here the main point. The crux of the matter is the complete failure of the driver to observe the child although he must have been clearly visible. This in our opinion constitutes actionable negligence.

It is obvious that a child of such years was *non sui juris* (*Verni* v. *Johnson*, 295 N. Y. 436) and therefore not capable of contributory negligence. The State asserts, however, that his mother and his two brothers were negligent and that their negligence may be imputed to the child, thus barring a recovery. It is claimed that the mother was negligent in permitting so young a child to go upon the public highway, and that the older brothers were negligent in permitting him to trail behind them on the opposite side of the road.

It was unquestionably the law in this State, prior to the enactment of section 73 of the Domestic Relations Law, that where a child was *non sui juris,* the negligence of a parent, guardian or custodian contributing to an injury to the child would be imputed to the child and bar his recovery. (*Hartfield* v. *Roper,* 21 Wend. 615; *Mangam* v. *Brooklyn R. R. Co.,* 38 N. Y. 455; *Metcalfe* v. *Rochester Ry. Co.,* 12 App. Div. 147; *Kupchinsky* v. *Vacuum Oil Co.,* 263 N. Y. 128; 3 Warren on Negligence in the New York Courts, § 133, pp. 26–29.)

This harsh and unreasonable doctrine, " ' visiting the sins of the fathers upon the children ' to an extent not contemplated

by the *decalogue*," (*Lannen* v. *Albany Gas Light Co.*, 46 Barb. 264, 270), met with almost universal disfavor outside New York, and was here abolished, on recommendation of the Law Revision Commission (Recommendation and Study made in relation to Imputation of Negligence to Infants, 1935 Report of N. Y. Law Revision Commission, pp. 47–89), by the enactment of section 73 of the Domestic Relations Law, which provides, "In an action brought by an infant to recover damages for personal injury the contributory negligence of the infant's parent or other custodian shall not be imputed to the infant."

This statute, effective May 8, 1935, was not retroactive, however, (*Blyer* v. *Hershman*, 156 Misc. 349) and hence we must apply the former doctrine as it existed August 20, 1929, the date of the accident. By that time one important modification thereof had become firmly established, namely that the negligence of the parent or custodian would be imputed to the child only where the child had committed some act or omission which, if committed by an adult, would have constituted negligence. (*Ihl* v. *Forty-second St. & Grand St. Ferry R. R. Co.*, 47 N. Y. 317; *Cumming* v. *Brooklyn City R. R. Co.*, 104 N. Y. 669; *Kupchinsky* v. *Vacuum Oil Co., supra*.) Thus neither the negligence of the parent or custodian alone, nor the negligence, by adult standards, of the child alone, would suffice to bring the doctrine into play. Only the concurrence of the two would bar recovery.

We shall consider first whether the infant's conduct would have constituted negligence on the part of an adult. He was walking along the left edge of the highway facing traffic, a procedure which was made mandatory for pedestrians less than a year later by the enactment of subdivision 6 of section 85 of the Vehicle and Traffic Law. It can scarcely be deemed negligence, therefore. The only other possible negligence was his failure to leave the pavement entirely when the State car approached. He was only partly on the pavement, however, and might properly have assumed that the driver, being under no compulsion from traffic conditions, would not heedlessly drive along the very edge of the pavement and make no effort whatsoever to avoid him. Since no reason appears why the driver could not easily have avoided the child, we feel that his negligence in failing to do so rather than the conduct of the child was the proximate cause of the accident.

Even assuming, however, that the child was negligent by adult standards, there would remain the further question whether the mother and the older brothers were negligent. If the mother was negligent in permitting the child to accompany his brothers,

then a great number of parents are regularly negligent, for sending small children with their older brothers and sisters on various errands along public streets is certainly a commonplace practice. '' To constitute negligence in the parent or guardians, there must be an omission of such care as persons of ordinary prudence exercise and deem adequate for that purpose.'' (*Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y. 455, 457, *supra*.) The mother testified that she had often entrusted the child to the custody of the two older boys, and that they had always taken good care of him. She particularly admonished them to do so before they left on the trip to secure the wood. Courts have refused to hold a parent negligent under comparable circumstances (*Levine* v. *Metropolitan Street Ry. Co.*, 78 App. Div. 426, affd. 177 N. Y. 523; *Weil* v. *Dry Dock, East Broadway & Battery R. R. Co.*, 119 N. Y. 147; *Wallace* v. *Casey Co.*, 132 App. Div. 35; *Ciaramella* v. *Orr*, 216 App. Div. 247; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Ihl* v. *Forty-second St. & Grand St. Ferry R. R. Co.*, 47 N. Y. 317, *supra*), and we do not do so here.

The degree of care exercised by the older boys, as custodians of the child, must be judged by the standard to be expected from boys of their age. (*Jacobs* v. *Koehler Sporting Goods Co.*, 208 N. Y. 416.) The evidence shows that they did endeavor to keep watch over the child despite their necessary preoccupation with the heavy cart, and that immediately before the accident they had ascertained that the child was walking along the shoulder of the road, which, as we have already stated, was not a negligent act. We feel that they were discharging their custodial responsibility well for boys of their age and were guilty of no negligence which can be imputed to the child.

Thus neither of the two conditions which must exist for the application of the doctrine of imputed negligence has been found to exist. Hence the defense of contributory negligence is not established, and the State, having been negligent, must answer in damages.

The medical record is a little confusing but this much is certain: The claimant, as a result of the accident, completely and permanently lost the use of his left arm. Apparently he suffered a fracture of the skull, causing cerebral hemorrhage with damage to the brain, resulting in paralysis of the arm. Two operations and various other treatments failed to alleviate the condition. In 1930 he spent about five months in the New York State Reconstruction Home at Haverstraw, New York, and was then removed, little improved, by his mother against the consent and advice of the physicians, who felt that continued treat-

ment would benefit him. We have no way of knowing, however, how much benefit would have resulted if the parent had not interfered.

We are not informed as to the earning capacity of the claimant. It is obvious, however, that he is precluded from many gainful occupations and has suffered and will suffer a severe handicap. For this and his pain and suffering we award damages in the amount of $25,000.

The claim of the claimant herein has been duly and timely filed, has not been assigned, and has not been submitted to any other officer or tribunal for audit or determination.

Findings of fact and conclusions of law in accordance with the above opinion may be submitted within fifteen days from the date hereof, otherwise this memorandum will be considered the decision herein.

Let judgment be entered accordingly.