■ THOMAS LIZAK, Appellant, v. ROGER BOUCHER, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: A new trial is required because of deficiencies in the charge. At the close of the evidence a close question of fact was presented as to negligence and contributory negligence. Plaintiff testified that in the early evening he was walking four or five feet from his left edge of a paved suburban road. It was the version of defendant that he was driving at 25 miles an hour when he was "blinded" by the headlights of approaching cars. He admittedly failed to see plaintiff until the instant of impact, but insisted that appellant was on the paved portion of the highway. The court first charged a portion of subdivision 5 of section 82 of the Vehicle and Traffic Law, but this had little or no relevancy and may have given the jury the impression that defendant had "the right of way". The court correctly charged the provisions of subdivision 6 of section 85 of the same law, which defined the duty of plaintiff as a pedestrian. The court, however, failed to charge the pertinent provision found in the last sentence of subdivision 1 of section 67 of the law, which defined the duty of defendant as a motorist approaching a pedestrian, who, according to respondent's testimony, was on the "traveled portion of the highway". The fact that defendant, according to his version, did not see plaintiff would not make the statutory provision less applicable, because "headlights often shine in an operator's eyes in night driving; and if a driver cannot see he ought to stop or take the usual risks of liability". (*Miller* v. *Hine*, 281 App. Div. 387, 389–390.) In addition, the jury should have been instructed that pursuant to these statutory provisions plaintiff had a right to walk upon the paved portion of the highway, but if it should be found that there was an adjoining shoulder or other area off the pavement available to pedestrians, the jury should consider under all the circumstances whether or not it was contributory negligence to walk on the paved portion of the road. (*Babbidge* v. *Pohl*, 11 A D 2d 612; *Aschmutat* v. *State of New York*, 12 A D 2d 844; *Novak* v. *State of New York*, 199 Misc. 588, 591.) (Appeal from judgment of Onondaga Trial Term which found for defendant for no cause of action in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.